The People of the State of Illinois ex rel. Catherine Sides, Defendant in Error, v. Walter Johnson, Plaintiff in Error.

Gen. No. 25,858.

1. BASTARDS, § 10*—*when prosecution may be brought.* Section 16 of the Bastardy Act, Hurd's Rev. St. ch. 145 (J. & A. ¶ 718), providing that no prosecution shall be brought under the act, "after two years from the birth of the bastard child provided the time any person accused shall be absent from the State shall not be computed," is a condition of liability rather than a statute of limitations.

2. BASTARDS, § 10*—*what limitation statutes apply to prosecutions.* The provision of the general statute of limitations which gives to the plaintiff a year after involuntary nonsuit to begin his action anew is not applicable to a bastardy proceeding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. Bastards, § 10*—*what evidence is insufficient to show absence from State.* Evidence by a prosecutrix in a bastardy proceeding tending to show that a prior warrant had been sworn out and that the police officer was unable to find the defendant is insufficient to show defendant's absence from the State. .

4. Bastards, § 21*—*what evidence is admissible.* In a prosecution on the charge of bastardy, commenced after the 2-year limitation provided for in the Bastardy Act, Hurd's Rev. St. ch. 148, sec. 16 (J. & A. ¶ 718), evidence tending to show the presence of the defendant in the State during the 2 years from the birth of the child is material and its rejection is error.

Error to the Municipal Court of Chicago; the Hon. John Stelk, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed and remanded. Opinion filed November 30, 1920.

McDonnell & McDonnell, for plaintiff in error.

Maclay Hoyne and Edward E. Wilson, for defendant in error.

Mr. Justice Matchett delivered the opinion of the court.

The relatrix filed a complaint in the municipal court of Chicago July 14, 1919, in which she alleged she was an unmarried woman and that plaintiff in error was the father of her bastard child. A warrant thereupon issued for the arrest of defendant. After various motions plaintiff in error filed a plea of "not guilty," and the case was tried before a jury.

The complainant testified in her own behalf that she had sexual intercourse with the defendant the first time August 15, 1915, the last time on May 26, 1916; that she became pregnant on October 23, 1915, at her home in Chicago, Illinois, and the child was born in Chicago, Cook county, Illinois, July 31, 1916; that she was a single woman when the child was born. She further testified: "I told him I was in the family way,

and I asked him what he intended to do, and he said he did not have a good position, and he did not know what to do." She also testified that he told her he did not have enough money and he did not know what to do, and he kept telling her that until the child was born in 1916. That after the birth of the child she saw him in his own home and asked him what he intended to do; that he said he would be over to the house that evening; he did not come.

The relatrix also offered evidence tending to show that a prior warrant had been sworn out by her and that the police officer was unable to find the defendant. At the conclusion of the evidence for the prosecutrix defendant moved for a directed verdict in his behalf. The motion was denied by the court, whereupon the defendant offered the evidence of witnesses to the effect that they knew him in 1916 and saw him in the City of Chicago in that year, and the defendant offered to show by these witnesses that he had been in the City of Chicago, Cook county, Illinois, all his life up until the month of September, 1918, and that he was never out of the jurisdiction of the State of Illinois. The court sustained objections to this and similar evidence offered. Thereupon the defendant rested his case and the court, at the request of the prosecutrix, instructed the jury to return a verdict in her favor.

The plaintiff in error contends that the trial court erred in overruling the defendant's motion to direct a verdict in favor of the defendant at the close of the People's case, and that it erred in refusing to admit evidence tending to prove that the defendant was within the jurisdiction of the State of Illinois during the years 1916 and 1917 and up to September, 1918.

The theory of plaintiff in error seems to be that the limitation provided for by section 16 of the Bastardy Act, Hurd's Rev. St. 1917, ch. 148 (J. & A. ¶ 718), is a condition of liability rather than a statute of limita-

tions; that defendant was, therefore, entitled to his discharge under the rule laid down in *Carlin v. Peerless Gas Light Co.*, 283 Ill. 142, where it was held that the time fixed by the statute for bringing an action under the Injuries Act, as amended, was such a condition. Section 16 of the Bastardy Act is as follows:

"No prosecution under this Act shall be brought after two years from the birth of the bastard child: Provided, the time any person accused shall be absent from the State shall not be computed."

Similar provisions in analogous statutes have been construed by our Supreme Court in harmony with the contention of plaintiff in error. *Sharp v. Sharp*, 213 Ill. 332; *Spaulding v. White*, 173 Ill. 127; *O'Leary v. Frisbey*, 17 Ill. App. 553; *Carlin v. Peerless Gas Light Co., supra.*

Apparently it was the theory of the trial judge not only that section 16 was a statute of limitations, but that the provision of the general statute of limitations which gives to the plaintiff a year after involuntary nonsuit to begin his action anew was applicable. We think, however, it did not apply. *Heimberger v. Elliott Frog & Switch Co.*, 151 Ill. App. 318. If we are correct in these views it was necessary for the relatrix to sustain the allegation made in her complaint to the effect that the defendant had been absent from the State. We think the proof offered in her behalf on this point was insufficient to establish that fact.

But, even conceding that it was sufficient, the court erred in rejecting and refusing to receive evidence to the contrary offered on behalf of the defendant. For the error in rejecting this evidence the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.