No. 26,806.

STATE OF KANSAS, ex rel. LOUISE DIETRICH, *Appellee,*
v. TEDDY MURPHY, *Appellant.*

SYLLABUS BY THE COURT.

1. BASTARDS—*Maintenance and Support—Procedure.* The statute pertaining to illegitimate children (R. S. 62-2301 to 62-2321) provides, in part, a procedure of its own. To the extent it does so, that procedure must be followed; to the extent it does not do so, the procedure of the civil code applies.

2. SAME—*Institution of Proceeding—Nature and Effect.* To institute a proceeding under the statute pertaining to illegitimate children is tantamount to commencing an action under the civil code.

3. SAME—*Limitations of Action—When Proceedings Instituted.* A complaint under the statute pertaining to illegitimate children was filed with a justice of the peace November 25, 1922, and a warrant was issued on that date. The child whose paternity was in question was born May 10, 1922. On December 18, 1923, the warrant was returned and filed without having been served. On October 1, 1925, the same warrant was delivered to the then sheriff and by him served October 3, 1925. *Held,* the proceeding was not instituted within two years after the birth of the child.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion filed February 6, 1926. Reversed.

*Walter F. McGinnis, Jr.,* of El Dorado, *W. S. Kretsinger,* and *Roland Boynton,* both of Emporia, for the appellant.

*S. S. Spencer,* county attorney, and *Wm. C. Harris,* of Emporia, for the appellee; *Owen S. Samuel,* of Emporia, of counsel.

The opinion of the court was delivered by

HARVEY, J. This is a proceeding under the statute pertaining to illegitimate children (R. S. 62-2301 to 62-2321). The defendant filed in the district court a demurrer and motion to quash in which he raised the question that the proceeding had not been instituted within the time required by statute (R. S. 62-2317). This was overruled by the court, and defendant has appealed. The sole question before us is whether the proceeding was instituted in time.

On November 25, 1922, Louise Dietrich filed, with R. E. Evans, a justice of the peace at Emporia, a complaint "that on the —— day of ——, 1922 (the testimony disclosed this date to be May 10, 1922), she was delivered of a bastard child, and that Teddy Murphy is

Bastards, 7 C. J. pp. 966 n. 48, 967 n. 54, 977 n. 74, 980 n. 12; 40 L. R. A. n. s. 144; 3 R. C. L. 756. Institute, 32 C J. p. 941 n. 82.

the father of such child. . . ."; and on the same day a warrant was issued for the arrest of Teddy Murphy. On December 18, 1923, this warrant was filed with the justice of the peace without any indorsement thereon as to service upon defendant. At the November election, 1924, R. E. Evans was succeeded as justice of the peace by C. L. Soule; also, another sheriff was elected. On October 1, 1925, the then sheriff received the warrant above mentioned and executed it October 3, 1925, by arresting Teddy Murphy and taking him before C. L. Soule, justice of the peace. Presumably the warrant had been in the files of the justice of the peace from December 18, 1923, when it was there filed, until it was received by the sheriff October 1, 1925. On being brought before the justice of the peace defendant gave bond for his appearance on a day set for the hearing. At that time defendant moved to be discharged for the reason, among others, that the proceeding had not been instituted in time. This was overruled, a hearing was had, defendant was bound over to the district court and the papers certified and filed in that court. Defendant then filed his "demurrer and motion to quash," and has appealed from an adverse ruling thereon. The statute provides:

"No prosecution under this act shall be instituted after two years from the birth of such bastard child." (R. S. 62-2317.)

This statute is a condition precedent to statutory liability rather than a statute of limitation. (*The People v. Johnson*, 220 Ill. App. 212.) The trial court held that the proceeding was instituted within the meaning of this statute when the complaint was filed before the justice of the peace; hence, if the complaint were filed within two years after the birth of the child, the warrant for the arrest of the putative father could be issued, or served, at any time thereafter. This construction renders the statute nugatory, for all practical purposes, for, if this be true, a complaint might be filed within the time fixed by statute, and no warrant issued, or issued and not served, for five or ten years or more, even though the parties all lived in the same vicinity. And, since the complaint may be filed before *any* justice of the peace in the state (R. S. 62-2301; *In re Lee, Petitioner*, 41 Kan. 318, 21 Pac. 282), the advantages that might be taken and injustices which might result are obvious. The purpose of a statute fixing a time within which the proceeding must be instituted is to require a reasonably early hearing. This purpose

would be thwarted by the construction of the statute given by the trial court.

The question before us is governed by statute. The statute pertaining to illegitimate children (R. S. 62-2301 to 62-2321) provides in part a procedure of its own. To the extent it provides a procedure of its own, that procedure must be followed. To the extent it does not provide a procedure of its own, the procedure is governed by the provisions of the civil code (R. S. 62-2308). The word "instituted" in R. S. 62-2317 is tantamount to the word "commenced" in R. S. 60-301, 60-308. The warrant when issued is civil process (7 C. J. 979), except to the extent the statute makes it otherwise. The mode of service is different; the defendant is brought in person before the justice of the peace, and since the complaint may be filed before *any* justice of the peace, the process may be served in any county in the state (*In re Lee, Petitioner,* supra). There is nothing in the statute fixing the time within which the service of process shall be made; hence, that is governed by the civil code (R. S. 60-308). This requires not only the issuance of process, but the service thereof. (*Brock v. Francis,* 89 Kan. 463, 469, 131 Pac. 1179; *O'Neil v. Eppler,* 99 Kan. 493, 495, 162 Pac. 311; *Vann v. Railway Co.,* 110 Kan. 799, 802, 205 Pac. 607.) If this were an ordinary civil action, say for a money judgment, in which the petition was filed in the district court, in which a summons was issued and returned and filed with the clerk without any indorsement of service thereon, and a subsequently elected sheriff should take this same summons nearly two years later, and make a service and return thereon, no one could with reason contend that the action should be regarded as commenced when the petition was filed. There is no more reason for so holding in this case.

The two Indiana cases cited to support the trial court's ruling do not help it. In both of them, as to procedure not provided by the illegitimacy statute, the court looked to the civil code, and from that determined the procedure upon the question before it.

In *Burt v. State, ex rel. Cook,* 79 Ind. 359, the complaint and warrant were lost before service. Nearly two years later a substitute complaint was filed and a substitute warrant was issued on which defendant was arrested. He moved to quash, among other things, for the reason that the proceeding was instituted after the time limit by statute. It was said:

State, *ex rel.*, v. Murphy.

"A prosecution in bastardy is regulated by statute, and the mode of proceeding prescribed by the statute must be pursued. . . . But the prosecution is a civil proceeding, and, where the statute makes no provision, is governed by the law regulating civil suits. . . . The statute provides that, upon the arrest of the defendant, or the return of the warrant, that he can not be found, the justice of the peace shall proceed to hear and determine the complaint. . . . In the present case, the amended transcript shows that the warrant, never was returned to the justice, and both warrant and complaint were lost; for such an emergency there is no provision in the bastardy act; it must be governed, therefore, by the general rules as to lost pleadings and writs in civil cases." (p. 361.)

In *Patterson v. State, ex. rel. Day,* 91 Ind. 364, defendant was arrested and escaped. The case was tried in his absence before the justice of the peace and certified to the circuit court, where it came on regularly for trial and was tried in the absence of defendant and judgment rendered against him. Nearly four years thereafter there was a proceeding in the circuit court to enforce the judgment. It was contended that this proceeding was after the time limit of the statute, but it was held that the statute applies to the beginning of the proceedings before the justice of the peace and has no application to a proceeding in the circuit court for the enforcement of judgment.

This is not a suit in equity for the support of the child, as *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619, but is a proceeding under the statute; hence it must be instituted and conducted according to the provisions of the statute.

The judgment of the court below will be reversed, with directions to sustain the "demurrer and motion to quash."