OLSON, et al, Respondents, v. CITY OF SIOUX FALLS, Appellant.

(262 N. W. 85.)

(File No. 7792. Opinion filed July 23, 1935.)

*Hugh S. Gamble,* of Sioux Falls, for Appellant.
*Louis H. Smith,* of Sioux Falls, for Respondents.

ROBERTS, J. Plaintiffs instituted this action to recover damages for the depreciation in value of their land caused by reason of the alleged pollution of the Big Sioux river by defendant city. The action was tried at the September term of the circuit court in the year 1934, and resulted in a disagreement of the jury. Plaintiffs then moved for a change of the place of trial claiming that a fair and impartial trial could not be had in Minnehaha county; that the adverse interest of the inhabitants of the city of Sioux Falls in the question involved prevented the selection of an unbiased jury in that county to try the facts. The motion was granted, and Turner county was designated as the place of trial The ruling of the court is assigned as error.

The order is sought to be reversed for the reasons that the statute does not recognize the right of a plaintiff to apply for a change of venue; that if such right may be exercised by a plaintiff in a proper case, these plaintiffs, having brought this action in Minnehaha county, having joined issues and tried the action in that county resulting in a disagreement of the jury, have waived their right to a change to another county; and that the showing made by plaintiffs was in any event insufficient to entitle them to the relief granted.

Section 2328, Rev. Code 1919, so far as material here, provides: "Section 2328. Change of Venue Asked by Defendant. If the county designated for that purpose in the complaint be not the county in which the defendant resides, the action may, notwithstanding, be tried therein unless the defendant, before the time for answering expires, demand in writing that the trial be had in the county in which he resides, and the place of trial be thereupon changed by consent of the parties or by order of the court, as provided in this section. If the county designated is not the proper county and where the court changes the place of trial on account of the action having been brought in the wrong county, the court, in its order granting the change of place of trial, may in its discretion allow to the moving party such terms as to it may seem just; and in case of a dismissal of the action or change of place of trial, the payment of the amount awarded by the court shall be made a condition precedent to the commencement of another action or the further prosecution of the action where change of place of trial has been granted. The court may change the

place of trial in the following cases: 1. When the county designated for that purpose in the complaint is not the proper county. 2. Where there is reason to believe that an impartial trial cannot be had therein. 3. When the convenience of witnesses, and the ends of justice would be promoted by the change. * * * "

If an action is not commenced in the proper county, the defendant before the time for answering expires may demand a change of place of trial to the proper county. See Irwin v. Taubman, 26 S. D. 451, 128 N. W. 617; id. 30 S. D. 502, 139 N. W. 115, Ann. Cas. 1915C, 1203. The defendant may be held to have waived his right to a change of the place of trial on this ground unless he makes demand within the time fixed by statute. These provisions are made applicable to a motion by defendant upon the specific ground mentioned. The plaintiff in an action as well as the defendant may move to change the place of trial upon the other grounds that an impartial trial cannot be had or that the convenience of witnesses and the ends of justice will be promoted by the change. . This construction is in harmony with expressions of other courts construing similar statutes. Crary v. Reid, 3 How. Prac. (N. Y.) 76; Grewell v. Walden, 23 Cal. 165; Cook v. Pendergast, 61 Cal. 72. Counsel for defendant calls attention to the heading of section 2328. This was inserted by the Code commission for convenience of reference, and is not intended to lessen or expand the meaning of the language of the section. See Anderson v. Beadle County, 51 S. D. 6, 211 N. W. 968.

Sections 2325 and 2326, Rev. Code 1919, specifically provide that certain actions, including actions for injuries to real property, shall be local. Section 2327 provides that: "In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action." In many jurisdictions it is held that an action against a municipal corporation, whatever the character of the action, is inherently local, and that statutory provisions in respect to the place of trial of transitory actions do not apply to actions brought against such corporations. 27 R. C. L. 790; 44 C. J. 1471; 6 McQuillin on Municipal Corporations (2d Ed.) § 2653. It matters not in this case whether or not the statute fixing the place of trial of transitory actions is inapplicable to actions to which a municipal cor-

poration is a party. Defendant city is located in the county wherein the land of the plaintiffs is situated and the cause of action arose.

█ █ Since the rule is that the venue statute relates to procedure and not to jurisdiction, objections to venue may be waived. Territory v. Judge of Dist. Court, 5 Dak. 275, 38 N. W. 439; Alderman v. New York Underwriters' Ins. Co., 61 S. D. 284, 248 N. W. 261. But plaintiffs having no right to elect between counties in which to bring their action waived no right to a change of venue by commencing the action in Minnehaha county.

█ We cannot agree with the contention of counsel that a change of venue cannot be granted after trial by jury and their disagreement. The action after the discharge of the jury was still pending for trial to all intents and purposes as if a jury had never been sworn. A demand for a change of trial to the proper county must be made before the time for answering expires, but the statute fixes no time within which a motion on other grounds shall be made. It was for the trial court to determine from all the attending facts and circumstances whether the motion was made within a reasonable time after the case was at issue upon the fact.

█ █ The contention of defendant is that the adverse interest of the inhabitants of defendant city as taxpayers is not sufficient to entitle plaintiffs to a change of venue. In determining this question, it is necessary to consider the effect of the provisions of section 2502, subd. 5, Rev. Code 1919. This statute respecting the challenge of a juror on the ground of interest makes an exception of "his interest as a member or citizen of a municipal corporation." The Supreme Court of North Dakota in Sheridan County v. Davis, 61 N. D. 744, 240 N. W. 867, 871, had under consideration an application for change of place of trial of an action in which the plaintiff county sought to have condemned a tract of land belonging to the defendant. The trial court denied the application of defendant for a change. The court, construing an identical statute, said: "Our statute, section 7616, par. 5, Compiled Laws of 1913, is to the effect that interest on the part of a juror in the event of the action or in the main question involved in the action, except his interest as a member or citizen of a municipal corporation, is a ground of challenge for cause. The excep-

tion here is at least an implied recognition that, where the interest in the outcome of a suit extends no further than to affect him as an ordinary taxpayer, he is not subject to challenge for cause. To this extent the statute would seem to express a rule that is contrary to what is said to be the weight of authority. * * * However, though no juror might have been subject to challenge for cause, it does not follow that the court wisely exercised its discretion in denying the application for a change of place of trial. It is one thing to hold that a juror may not be challenged for cause on account of a very small interest which he may have as a taxpayer, but quite another thing to conclude that an entire jury of taxpayers, each of whom is interested to a small degree adversely to the defendant, gives that assurance of a fair trial to which every litigant is entitled."

A jury is drawn from the body of the county, and, conceding that where the persons adversely interested in the result of an action are confined to a locality, and the number is small in comparison with the population of the county, no right to a change of place of trial would exist, we are convinced that the trial court was justified in concluding that the number of jurors from the city of Sioux Falls on a panel would be so proportionately large that an impartial jury could not be selected and that the trial court did not abuse its discretion.

The order appealed from is affirmed.

All the Jurges concur.