DECKERT, Respondent v. BURNS, Appellant

(62 N. W.2d 879)

(File No. 9369. Opinion filed February 24, 1954)
Rehearing denied April 2, 1954

**Danforth & Danforth,** Sioux Falls, for Plaintiff and Respondent.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

RUDOLPH, J. Defendant was charged with being the father of an illegitimate child born to plaintiff on October 2, 1947. This action was commenced on October 20, 1950. The trial court determined that the proceeding was under the Uniform Illegitimacy Law. SDC 37.21, and instructed the jury and entered judgment on such theory. No one has questioned the trial court's determination of the nature of the proceeding. It follows that this court must consider the proceeding as one brought under the Illegitmacy Law.

The jury returned a verdict against defendant. Motion for a new trial was made and denied and defendant has appealed.

Several grounds for reversal are urged but we consider only one which we deem decisive. The complaint did not allege the date of the birth of the child and there was no pleading on behalf of defendant raising the limitation found in SDC 37.2131, which is as follows:

"Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has

been acknowledged by the father in writing or by the furnishing of support."

At the trial evidence disclosed the date of the birth of the child, and there was no showing that paternity had been judicially established or had been acknowledged by defendant in writing or by furnishing support.

The issue thus presented by the assignments of error and the record is whether SDC 37.2131 is a technical statute of limitations or whether it is a condition which the law attaches to the right to maintain the action. If the former it was necessary to raise the issue by a pleading. State ex rel. Berge v. Patterson, 18 S.D. 251, 100 N.W. 162. If the latter it was not. People ex rel. Sides v. Johnson, 220 Ill.App. 212; State ex rel. Dietrich v. Murphy, 120 Kan. 350, 243 P. 288. The rule is stated in 34 Am.Jur., Limitation of Actions § 7, as follows:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right".

SDC 37.21 is a uniform act, adopted in seven states. However, several of the adopting states modified to some extent the original Act. 1952 Handbook of the National Conference of Commissioners on Uniform State Laws, 599. This act was carried on the inactive list pending further study for a time, but is now listed among the model acts. 1952 Handbook, 575. The act was originally promulgated by the National Conference in 1922, but we have been unable to find any judicial construction of the section with which we are here concerned. The act was adopted in South Dakota in

1923. Ch. 295, Laws of 1923. While the act is similar in many respects to the statutory law existing in this state before its adoption it was nevertheless a new act with many features added to the then existing law. It was in effect an entirely new law upon the subject, and included therein the limitation now found in SDC 37.2131.

At the time of the decision in the case of State ex rel. Berge v. Patterson, supra, there was no limitation in the bastardy law as then existing and this court simply applied the general six-year statute. Of course the situation under the present law is entirely different.

This Uniform Act was presented to the legislature as a new, entire and complete act and superseded and repealed any then existing law upon the subject. By the adoption of the act the legislature was, therefore, creating a right, this was a right unknown to the common law. The same act which created the right also qualified it by providing that proceedings to enforce it should not be brought after the lapse of a certain period of time. Under these circumstances we believe that the "limitation of the remedy is a limitation of the right". Such is the general holding under the death statutes where the statutes provide a special limitation as to the time in which an action for death must be brought, independent of the general statute of limitations. 16 Am.Jur., Death, § 164, Annotation 67 A.L.R. 1070. And so far as we can determine such is the holding under bastardy laws, where the law creating the right also places a time limitation on the remedy. People ex rel. Sides v. Johnson, supra; State ex rel. Dietrich v. Murphy, supra; and see also In re Silva, 32 Haw. 855; State v. Hoult, 113 W.Va. 587, 169 S.E. 241; State v. Killian, 217 N.C. 339, 7 S.E.2d 702; White v. State, 175 Okl. 522, 53 P.2d 675.

■ ■ We are unable to attach any significance to the fact that in the original act as presented to the legislature SDC 37.2131 and SDC 37.2130 were found under a heading, "Concurrence and Limitation of Remedies". Such heading does not lessen or expand the meaning of the language of the section. Olson v. City of Sioux Falls, 63 S.D. 563, 262 N.W. 85, 103 A.L.R. 1022. Obviously the statute limits the remedy, but the question presented is whether such limitation also

qualifies the right. We adhere to the rule that where the statute creates a liability and gives an action to enforce it unknown to the common law and fixes the time within which such action may be commenced that such limitation upon the remedy is a limitation of the right.

It is our opinion, therefore, that SDC 37.2131 is not a technical statute of limitations but is a limitation on the right itself, and as such need not be pleaded as a defense.

The judgment appealed from is reversed.

SICKEL and LEEDOM, JJ., concur.

SMITH, P. J., and ROBERTS, J., dissent.

SICKEL, J. I concur in the majority opinion, but would prefer to reverse this case on the ground that defendant was entitled to amend his answer so as to plead the statute of limitations.

SMITH, P. J., and ROBERTS, J., (dissenting). It is our opinion that the judgment of the trial court should be affirmed.

The majority opinion correctly differentiates between a pure statute of limitation and a statute making time the essence of a right to maintain an action. The former is regarded as a statute of repose and confers no right of action, but restricts the period within which a right must be asserted and is available only as a defense. It seems to us that SDC 37.2131 is a pure statute of limitation and not a condition which the law attaches to the right to maintain an action. The section is in language ordinarily used in a statute of limitations and it seems obvious from section and article headings in the original act, Ch. 295, Laws 1923, that it was so regarded by the legislature. The headings of portions of a statute, such as articles, chapters and sections may not be used to extend or restrict the language contained in a statute, SDC 65.0202; Olson v. City of Sioux Falls, 63 S.D. 563, 262 N.W. 85, 103 A.L.R. 1022, but may be considered in case of ambiguity for the purpose of ascertaining the legislative intent. The intent of the legislature is the controlling factor. The defense not having been properly asserted was waived. SDC 33.0201; State ex rel. Berge v. Patterson, 18 S.D. 251, 100 N.W. 162.