340 P.2d 838

Rose HERNANDEZ, Plaintiff-Appellee,

v.

Euseblo ANAYA, Defendant-Appellant.

No. 6512.

Supreme Court of New Mexico.

June 5, 1959.

Rehearing Denied July 10, 1959.

R. F. Deacon Arledge, Charles Driscoll, Albuquerque, for appellant.

Gino J. Matteucci, Albuquerque, for appellee.

COMPTON, Justice. `

This is an appeal from an order denying motion to vacate a default judgment, allegedly void for the reason the complaint failed to state grounds for relief.

The complaint was filed March 15, 1956. It charged the appellant with being the father of an illegitimate child born to appellee on April 17, 1952. It further alleged "that the defendant has paid small amounts * * * for the support of said minor child but the payments are insufficient." Appellant was personally served with process but failed to appear or otherwise plead, and the cause was tried in his absence. Appellee's evidence was submitted, after which the court adopted the allegations of the complaint as the findings of the court. Judgment was then entered April 27, 1956, decreeing that the appellant was the father of the child, and ordering him to pay to appellee $30 monthly for the support of the child until it attained the age of 16 years.

Appellant received a copy of the judgment, but he failed to comply with its terms. Thereupon, he was ordered to show cause, if any, why he should not be re-

quired to make the support payments. At the hearing, the appellant stated to the court that he would not support the child. He was immediately held in contempt and committed to jail.

On July 20, 1956, appellant moved to vacate the judgment and the order holding him in contempt. The essential allegation of the motion reads: "That the defendant has never acknowledged the paternity of the said child in writing or otherwise, and has not furnished support of the said child, and denies that he is the father of said child." The motion was denied and the appeal is from the order denying the motion.

■ The pertinent statute, § 22–4–24, 1953 Compilation, reads:

"Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support."

The statute, a section of the Uniform Illegitimacy Law, Chapter 32, Laws 1923, § 22–4–1 to § 22–4–27, 1953 Compilation, is a limitation on the right to maintain a suit to establish paternity after the lapse of more than 2 years from the birth of the child unless the statute has been tolled by the conduct of the putative father. The burden is upon a complainant not only to allege but to prove facts tolling the statute. Schuerf v. Fowler, 2 A.D.2d 541, 156 N.Y.S.2d 859; People on Complaint of Mendes v. Pennyfeather, 11 Misc.2d 546, 174 N.Y.S.2d 766; Deckert v. Burns, 75 S.D. 229, 62 N.W.2d 879. Therefore, assuming the facts alleged in the complaint to be true, the question is simply whether the money paid by appellant constitutes furnishing of support as contemplated by the statute.

■ The allegations of the complaint state sufficient facts to toll the statute, or if because of technical niceties of pleading this is not true, could be amended to do so. With such an allegation present the complaint is not void for failing to state a cause of action. The court had jurisdiction in the case, and a judgment based on the complaint was not void. 49 C.J.S. Judgments § 40, p. 98; Wagner v. Lucas, 79 Okl. 231, 193 P. 421; Latimer v. Haste, 101 Okl. 109, 223 P. 879; Peoples Bonded Trustee v. Wight, 72 Utah 587, 272 P. 200; Annotation in L.R.A. 1916E at 316.

■ The grounds set forth in the motion to vacate would have presented a valid issue at the trial on the merits, but such defensive matters form no basis for a motion to vacate.

4

■ Appellant strongly argues that he is entitled to relief from the judgment under the provision of § 21–1–60(b), 1953 Compilation, our Rule 60(b). Clearly, he stands on an alleged void judgment, a position he has failed to sustain. The motion contains no allegation why he did not present his defense, if any. In such circumstance, we cannot say the court abused its discretion in denying the motion.

The order denying the motion is affirmed. It is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.