**Bonnie Elaine BLANTON, Appellant (Plaintiff below),**

v.

**Lawrence WARN, Appellee (Defendant below).**

No. 3677.

Supreme Court of Wyoming.

Aug. 9, 1968.

Vincent A. Ross, Cheyenne, for appellant.

Frank J. Jones, Wheatland, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Bonnie Elaine Blanton filed a complaint against Lawrence Warn alleging that she was the natural mother of Joyce Eileen, a child born out of wedlock, at Platte County Memorial Hospital, Wheatland, Wyoming, April 30, 1959; that the child was conceived July 16, 1958, at Wheatland; and that Warn was the father of the child. She prayed that defendant be adjudged to be the father and be ordered to pay expenses resulting from or incident to the pregnancy and birth of the child and for the child's support, maintenance, and education, and that she be granted other relief appropriate under the provisions of the Uniform Illegitimacy Act [1] (§§ 14-59—14-96, W.S.1957 (Compiled 1965), hereinafter referred to as the Act).

Defendant filed a motion for summary judgment, asserting that § 14-91 barred the action, filing an affidavit therewith in which he asserted that there had been no judicial determination of paternity for the child, allegedly born to plaintiff on the specified date, that he had not in the past nor did he then acknowledge paternity, and that he had never furnished any support for the child.

The court granted the summary judgment for defendant on the grounds that the action was "barred by the limitations contained in said Section 14-91 * * * for failure to file same within the time provided by law," and this appeal has resulted.

Section 14-91, the thirty-second section of c. 45, S.L. of Wyoming, 1929, entitled "Uniform Illegitimacy Act," reads as follows:

"Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support."

Plaintiff argues that "Said statute does not state when paternity must be judicially established, does not state when the father must acknowledge the child in writing, nor does it state when the father must furnish support * * * it does not state that any of these exceptions must be performed during the first two years after the child is born." She insists it cannot be assumed that the legislature meant paternity must have been judicially established within the two-year period after the birth since the statute does not spell this out and says the statute should be interpreted that no proceedings to enforce the obligations of the father shall be brought following the lapse of two years after paternity has been judicially established, maintaining that the action brought by the plaintiff was first to judicially establish paternity and if paternity should be so established the action for support would then become operative and subject to the jurisdiction of the court—the complaint allegedly being one for judicial determination of paternity, for support, and any other relief that the court might deem just and proper. Plaintiff quotes from Durante v. Consumers Filling Station Co. of Cheyenne, 71 Wyo. 271, 257 P.2d 347, 356, to the effect that this court may not disregard a plain and unequivocable requirement

1. The Uniform Illegitimacy Act was promulgated by the Conference of Commissioners on Uniform State Laws in 1922 and was adopted in seven states (with in some instances a number of amendments). Subsequently the Uniform Act on Paternity was drafted as a revision of the Uniform Illegitimacy Act, the commissioners' prefatory note, 9B Uniform Laws Annotated, p. 522 (1966), noting however that "experience with it at two annual conferences demonstrated that on some of the collateral matters included there were apparently irreconcilable points of view. Therefore the drafting committee discarded the pattern. As a result there is presented * * * a comparatively brief act confined to setting up the suggested civil action, wherever possible utilizing existing law."

written into law by the legislature, emphasizing that it will not "read into our laws that which is not there," especially when to do so would offend against equity and good conscience, and accordingly concludes that § 14–91 does not provide when an action may be started judicially to establish paternity.

Defendant responds that a statute which creates a new liability, gives an action unknown at common law to enforce it, and limits the time within which the action may be commenced is a statute of creation—the commencement of the action within the time it fixes being an indispensable condition of the liability—on the strength of Deckert v. Burns, 75 S.D. 229, 62 N.W.2d 879—and further points to Impson v. State, 166 Okl. 246, 27 P.2d 359, and White v. State, 175 Okl. 522, 53 P.2d 675, as holding that a cause of action arising under the paternity statutes is a liability created by statute and is barred by the provisions limiting the time within which it may be brought if it is not commenced within the stated time. Defendant says that only two other courts have had occasion to direct their attention to the section of the Act with which we are concerned here, Deckert v. Burns, supra, and Hernandez v. Anaya, 66 N.M. 1, 340 P.2d 838, both of these cases, although considering questions of pleadings, indicating, that the section is indeed a limitation on the right to maintain a suit to establish paternity after the lapse of more than two years from the birth of a child unless that provision has been tolled by the conduct of the putative father.

Regardless of how we might interpret the two mentioned decisions, we see no merit in the position of plaintiff. There is no common-law authority for the determination of paternity, and in this jurisdiction the only statutory authority therefor is found in the Act here under discussion. Section 14–68 provides that a complaint to initiate the support shall be filed with "any justice of the peace of any county having jurisdiction" and the succeeding sections describe the proceedings thereafter by which the defendant may be bound to appear at the next term of the district court. It follows that the direct complaint in the district court was without statutory authority, which fact made the complaint subject to dismissal had a challenging motion been presented. Without regard to this aspect, we hold the summary judgment to be proper since there is no method in this State providing for a declaration of paternity except in connection with the enforcing of the obligation of the father through the provisions of the Act, and § 14–91 states that proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years.

Affirmed.