Beulah **JENSEN**, Appellant,

v.

Robert W. **VOSHELL**, Appellee.

No. 54703.

Supreme Court of Iowa.

Dec. 15, 1971.

Mosier, Thomas, Beatty, Dutton & Braun, Waterloo, for appellant.

Pickett, Kober & Peterson, Waterloo, for appellee.

REYNOLDSON, Justice.

In this paternity action under chapter 675, Code, 1966, putative father filed motion for summary judgment. He alleged the action, brought more than two years after birth of the child, was barred by § 675.33. From ruling of trial court sustaining the motion, complainant mother appeals. We affirm.

Complainant alleged she was the mother and defendant was the father of an illegitimate child born September 11, 1966. This complaint was filed November 14, 1968 and notice was served on defendant the following day. Attempting to circumvent the time limitation, plaintiff alleged:

"Par. 4. That the Defendant has acknowledged paternity of said male child in writing and a previous demand in writing has been made on the defendant for support."

Defendant by answer denied this allegation and in separate divisions affirmatively raised the limitation contained in chapter 675:

"*675.33 Limitation of actions.* Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support."

Defendant took the discovery deposition of plaintiff's counsel, who testified he relied on four letters as proof of the allegation of paragraph 4 of the complaint. Copies of the letters, in defendant's handwriting and addressed to complainant, were attached to defendant's motion for summary judgment. This motion raised the limitations defense and asserted the letters did not contain the written admission of paternity required to invoke the exception of the § 675.33 limita-

tion. Trial court, agreeing, sustained the motion and dismissed the petition.

Three issues are raised by complainant's assigned errors.

*I. Was a fact question generated by the record before trial court, thus precluding him from finding as a matter of law the limitations section applied?*

Rule 237(c), Rules of Civil Procedure, provides in part, "The judgments sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Before the 1967 amendment to rule 237, R.C.P. only a plaintiff could move for summary judgment relief. International Milling Company v. Gisch, 256 Iowa 949, 129 N.W.2d 646 (1964). This recourse is now available to both parties. Bauer v. Stern Finance Company, 169 N. W.2d 850 (Iowa 1969). The purpose of the summary judgment is to enable a party to obtain judgment promptly and without expense of trial where there is no fact issue to try. Humboldt Livestock Auction, Inc. v. B & H Cattle Co., 261 Iowa 419, 155 N.W.2d 478 (1967). However, where a fact issue is generated by the pleadings, depositions, affidavits or other instruments before the court we have reversed where trial court sustained motion for summary judgment. Sherwood v. Nissen, 179 N.W. 2d 336 (1970).

Here complainant's resistance alleged facts which could be introduced at trial to establish defendant's paternity of the child. But complainant lost sight of the narrow ground of defendant's motion: the issue was not paternity, but whether defendant had acknowledged paternity in writing.

The most specific reference to the child made in defendant's correspondence was contained in a letter postmarked Feb-

ruary 26, 1967 stating, "I recieved [sic] the Valentine card from (your) son, this is the way I want it to stay you wouldn't listen to anybody when we told you to give him up * * *." This language does not conform to the general rule that the acknowledgment in writing be clear and unequivocal. 10 Am.Jur.2d, Bastards § 56, p. 884; 33 A.L.R.2d 705, 725. No fact dispute was raised on the very issue complainant was forced to meet.. Trial court properly resolved the question as a matter of law.

II. *Was § 675.33, Code, 1966 a bar to complainant's action?*

■ Iowa, by enacting chapter 675, joined Nevada, New York, North Dakota, South Dakota, New Mexico and Wyoming in adopting the Uniform Illegitimacy Act. Cases from those jurisdictions uniformly hold the special limitation section imposes a time limitation on the *right* to maintain this suit. Consequently, to avoid the limitation, burden is on complainant to plead and prove one of the exceptions permitting the action to be brought more than two years after the child's birth. Hernandez v. Anaya, 66 N.M. 1, 340 P.2d 838 (1959); People on Complaint of Mendes v. Pennyfeather, 11 Misc.2d 546, 174 N.Y.S.2d 766 (1958); Deckert v. Burns, 75 S.D. 229, 62 N.W.2d 879 (1954). There was no common law right to determine paternity through action instituted by the illegitimate child's mother. Such determination is permitted under chapter 675 only as a necessary step in an action to enforce the father's obligation to support the child. Section 675.2, Code, 1971; Blanton v. Warn, 444 P.2d 325 (Wyo.1968). It would be an anomaly to hold, as complainant suggests, that her action under chapter 675 now be considered as one to merely establish paternity and that she could at any later time bring action based on that judgment to enforce the support obligation. Such holding would permit § 675.33 to be circumvented by two consecutive actions when the same issues, raised by one complaint, would clearly fall within the limitation.

■ We restrict this opinion to the errors assigned on appeal. Henschel v. Hawkeye-Security Insurance Company, 178 N.W.2d 409 (Iowa 1970); Andrews v. Struble, 178 N.W.2d 391 (Iowa 1970). We are not here called upon to decide what situations might fall within the prior "judicially established" paternity exception to the limitation statute (§ 675.33). We need not here determine whether action could be brought by the child or someone on his behalf to establish paternity as intimated in Reppert v. Reppert, 214 Iowa 17, 241 N.W. 487 (1932), and as permitted by declaratory judgment proceeding in another jurisdiction. Miller v. Currie, 208 Wis. 199, 242 N.W. 570 (1932). Neither do we determine what effect, if any, the child's minority would have on a limitation statute affecting such action, if available. Conceivably paternity might be established by an action instituted by a welfare agency under § 252.3, in which case the statute would not begin to run pursuant to § 252.-13 until public support expense was paid. Nor are we concerned, under the issues here raised, as to the constitutionality of the limitation as being discriminatory against petitioners who must adjudicate paternity under chapter 675 as contrasted with the longer time provided for public agencies under chapter 252, Code, 1966. See Wales v. Gallan, 61 Misc.2d 681, 306 N.Y.S.2d 614 (1969).

■ We only hold this action is one for support under chapter 675 and the limitation statute, § 675.33, is applicable.

III. *Was the limitation statute tolled by a demand for support served under the provisions of § 675.3?*

In May 1968 complainant's counsel served on defendant a written demand to support which met all requirements of § 675.3:

"*675.3 Limitation on recovery.* In the absence of a previous demand in writing

(served personally or by certified mail letter addressed to the father at his last known residence or in the manner provided for service of original notices) not more than two years support furnished prior to the bringing of the action may be recovered."

Complainant contends this demand initiated the "proceedings to enforce the obligation of the father" referred to in § 675.33. Further, because such "proceedings" were "brought" within two years from the child's birth the action is not barred by the limitation statute.

 We are not so persuaded. The demand under § 675.3 is neither mandatory nor a condition precedent to the action authorized by chapter 675. The general rule is that the mere assertion of a claim without any accompanying act to give effect to it cannot operate to keep alive a right which otherwise would be precluded by a statute of limitations. 51 Am.Jur.2d, Limitation of Actions § 207, p. 770.

 We hold "proceeding" as that word is found in § 675.33 is employed in its general sense as being the form and manner of conducting juridical business before a court or judicial officer. Black's Law Dictionary 1368 (4th ed. 1968). We have said the word "proceeding" is generally applicable to any step taken by a suitor to obtain the interposition or action of a court. In re Lamm's Estate, 246 Iowa 300, 67 N.W.2d 613 (1954). An examination of chapter 675 leads us to conclude the legislature in this enactment used the word "proceeding" as synonymous with "action" and employed such words interchangeably. Had the legislature intended the notice under § 675.3 to serve as an additional exception to the imposition of the limitation specified in § 675.33 it could have appended to the latter section the phrase "or unless demand has been made in writing as provided by § 675.3." This was not done, which signifies § 675.3 is a limitation on the amount of recovery only, not an exception to the § 675.33 limitation.

 Notice under § 675.3 does not initiate a "proceeding" and does not serve to toll the limitation statute. Where the limitation is rendered inoperable by a prior judicial determination of paternity or an acknowledgment of paternity in writing or by furnishing support, notice under § 675.3 would permit complainant's ultimate recovery of support over a longer period of time.

At trial level, complainant argued defendant was estopped from pleading the limitations statute because of certain negotiations underway between counsel. No such issue was raised here.

Trial court's disposition of the motion for summary judgment was correct and its holding is therefore

Affirmed.

All Justices concur, except BECKER and RAWLINGS, JJ., who dissent.

BECKER, Justice (dissenting).

I respectfully dissent.

The majority opinion follows other jurisdictions which have construed the Uniform Illegitimacy Act in the same way. However, these cases read a limitation into the statute that is not there. The statute says, *"Proceedings to enforce the obligation of the father* shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, * * *."* By its very terms the statute acknowledges a difference between establishment of paternity on the one hand and enforcement of the obligation of the father on the other hand.

The argument might be made that such an interpretation means there is no statute of limitations as to establishment of paternity. This is answered by section 614.1 which provides a five-year statute of limitations on "all other actions not otherwise provided for in this respect."

The present Act was adopted by the legislature in 1925. It repealed old chapter 544, Code, 1924. It is interesting to note that the former action contained no statute of limitations. If the legislature had desired to impose a statute of limitations on the *establishment of paternity,* it could have done so in the same clear terms used in relation to "proceedings to enforce the obligation."

Refusal to read a nonexistent limitation into the record would also be consistent with what is said in the Report of the Committee on Status and Protection of Illegitimate Children, Handbook, p. 227, which reveals the purpose of this Uniform Act:

" * * * The changes proposed seek to advance the interest of the child in three directions: by recognizing every possible benefit not opposed by a strong adverse interest; by strengthening the support obligation which at present is lamentably inadequate; and by aiding enforcement by new remedial and coercive measures and by removing jurisdictional limitations which now unduly favor evasion of liability."

I see no anomaly in this interpretation. All it means is that plaintiff's action, if delayed more than two years after the birth, must first be brought *to establish paternity,* Code, 1966, § 675.33. Once paternity is established, a different action must be commenced to enforce support. In the second action plaintiff cannot go back more than two years. Code, 1966, section 675.3. Thus there is a hiatus which works to an unsuccessful defendant's benefit by the literal interpretation of the statute.

Stated otherwise, I suggest that the legislature could have placed a two-year statute of limitations on the right to establish paternity (as distinguished from the proceedings to collect support). It did not do so. We should not read a statute of limitations into the statute for the benefit of the putative father.

I would reverse.

RAWLINGS, J., joins in this dissent.