**STATE of South Dakota, ex rel. Debra J. STEARNS, Plaintiff and Appellant,**

v.

**Ronald BLUME, Defendant and Appellee.**

**No. 13939.**

Supreme Court of South Dakota.

Considered on Briefs March 24, 1983.

Decided May 11, 1983.

Richard D. Casey, Madison, for plaintiff and appellant.

Thomas M. Issenhuth of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellee.

FOSHEIM, Chief Justice.

In this action, the State of South Dakota (appellant) seeks reimbursement from Ronald Blume (appellee) for ADC payments paid to relatrix Debra J. Stearns, on behalf of her daughter. The alleged father, appellee, appeared specially through his attorney and moved for dismissal of the complaint on the grounds that it was barred by the statute of limitations and the court lacked personal jurisdiction. The trial court granted the motion on the statute of limitations grounds. No determination was made of the jurisdictional issue. This appeal is from the order dismissing the action. We reverse.

Debra J. Stearns is a resident of Lake County, South Dakota. She gave birth to a daughter on December 20, 1979. Debra applied for ADC from the State of South Dakota and named appellee as the father. This operated as an assignment of all support rights for the child to the State of South Dakota pursuant to statute.[1]

In October 1980, the State of South Dakota ex rel Debra J. Stearns commenced an action alleging that appellee was the child's father. The complaint requested the court to order appellee to reimburse the State for expenses of the pregnancy, to support the

---

1. SDCL 28–7–6.3: An application for, or any acceptance of, aid to dependent children shall operate as an assignment by operation of law of all support rights from any person, which such applicant or recipient may have on their own behalf or on behalf of any other family member for whom the recipient is receiving assistance, including any support payments accrued and unpaid at the time of the assignment.

child, and "for such other and further relief as may be appropriate under SDCL ch. 25–8." [2] Appellee admitted service of the summons and complaint. He subsequently served a general denial answer. Discovery consisted of blood tests of Debra, the child and appellee. Thereafter appellee moved to Minnesota. He appeared personally with his attorney at the time set for trial, but the State was unable to proceed because Debra Stearns did not appear. The State's motion for a continuance was denied. Appellee then moved to dismiss the action. Dismissal was granted without prejudice on condition the State pay certain amounts to appellee. Such conditions were paid.

The instant action was thereafter commenced in March 1982. Unlike the first action, this complaint does not refer to SDCL ch. 25–8. It does make reference to SDCL 28–1–28.[3] Appellee admitted service in Minnesota. The trial court held the two-year requirements of SDCL 25–8–9 [4] applied, and that the time had tolled. Appellant claims the six-year provisions of SDCL 15–2–13 should have been followed.

In *Deckert v. Burns,* 75 S.D. 229, 62 N.W.2d 879 (1954), we held that the two-year provision of the Uniform Illegitimacy Law (now SDCL 25–8–9) was a condition which the law attaches to the right to maintain the action as distinguished from a technical statute of limitations.

We also concluded in *Deckert* that by adopting the Uniform Act, the Legislature created a new, entire and complete act which superseded and repealed any then existing law upon the subject. We need

not disturb that holding in *Deckert,* except to note that it seems inconsistent with the provision in the act itself (SDCL 25–8–7) [5] which provides that proceedings brought under it shall not be exclusive of any other proceedings that may be available on principles of law and equity.

In 1963, and since *Deckert,* the Legislature enacted SDCL 28–1–28, which grants state agencies authority to bring a civil action to recover money paid for the support of a minor child against a putative father responsible therefore as provided by law.

■■■ In addition to statutory law, that responsibility is also established by the common law. In *Deckert,* we said that by the adoption of the Uniform Illegitimacy Act, the legislature created a right unknown to the common law. That statement should, be qualified. A common-law duty of parents to support their minor children was recognized in South Dakota well before the Uniform Illegitimate Act was adopted in 1923. *McCook County v. Kammoss,* 7 S.D. 558, 64 N.W. 1123 (1895). It was reaffirmed after 1923 and before *Deckert* in *Haakon County v. Staley,* 60 S.D. 87, 243 N.W. 671 (1932), and again in *Matthews v. Matthews,* 71 S.D. 115, 22 N.W.2d 27 (1946). Since *Deckert,* we have clearly held that a parent's common-law duty to support a minor child does exist separate and distinct from any statutory obligation. *State ex rel. Wieber v. Hennings,* 311 N.W.2d 41 (S.D.1981); *Johansen v. Johansen,* 305 N.W.2d 383 (S.D. 1981); *State v. Zobel,* 81 S.D. 260, 269, 134 N.W.2d 101 (1965). The rules of the com-

**2.** SDCL chapter 25–8 is entitled "Paternity Proceedings."

**3.** SDCL 28–1–28 reads: Whenever any payment of public moneys administered by the division of social welfare or the office of community services has been made to any person or persons who have been granted public aid or assistance, the division of social welfare or office of community services shall have authority to bring civil action against any person responsible therefor as provided by law, to recover such moneys as have been paid for support or aid.

**4.** SDCL 25–8–9 reads: Proceedings to enforce the obligation of the father shall not be brought

after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support. (The 1983 Legislature raised the two-year limitation in SDCL 25–8–9 to six years. HB1090).

**5.** SDCL 25–8–7 reads: Proceedings to compel support by the father may be brought in accordance with §§ 25–8–8 to 25–8–41, inclusive. They shall not be exclusive of other proceedings that may be available on principles of law or equity.

mon law are in force unless they conflict with a statute. SDCL 1–1–24.[6] It cannot be argued that the common law duty is in conflict with, or preempted by, SDCL ch. 25–8 because as above noted the act itself (SDCL 25–8–7) provides that proceedings brought under its provisions shall not be exclusive of other proceedings that may be available on principles of law or equity. Unlike in *Deckert,* the trial court's determination that the action was brought under SDCL ch. 25–8 was strongly challenged by appellant. If, as in *Deckert,* this case had unquestionably been brought under SDCL ch. 25–8, the two-year statute would necessarily apply. The present action, however, did not follow SDCL ch. 25–8 procedures. The mother was not made a party defendant (SDCL 25–8–10). The complaint was not made to a judge or magistrate having power to commit for trial (SDCL 25–8–13); was not verified by the mother (SDCL 25–8–14) and did not demand the father be brought before the judge or magistrate to answer the charge (SDCL 25–8–15). No warrant (or summons in lieu thereof with the consent of the complainant) for the apprehension of the defendant was issued pursuant to (SDCL 25–8–16). Since it does not follow or invoke procedures, or otherwise identify itself as a ch. 25–8 action, it can only be regarded as an "other proceeding" available on principles of law.

■ The "other proceeding" is a civil action based on the common law duty of a father to support his minor child. Inherent in such an action is the jurisdiction of the court to determine paternity. *State ex rel. Andrew v. Cardella,* 282 N.W.2d 117 (Iowa 1979). Being a civil action upon an obligation or liability implied and imposed by law, it must be commenced within six years after the cause of action shall have accrued. SDCL 15–2–13(1).[7] This is consistent with pre-*Deckert* ultra Uniform Illegitimacy Law limitation of action decisions. In *State ex rel. Berge v. Patterson,* 18 S.D. 251, 100 N.W. 162 (1904), we said: "A civil action to enforce the moral, natural and statutory obligation of the father to support his illegitimate child may be commenced at any time within six years[.]" This was confirmed in *State ex rel. Patterson v. Pickering,* 29 S.D. 207, 136 N.W. 105 (1912).

It follows that this action was timely brought pursuant to SDCL 28–1–28 for reimbursement of ADC benefits. The order of dismissal is reversed.

The conclusions we have here reached render moot the other issues raised by appellant.

All the Justices concur.

6. SDCL 1–1–24 reads: The evidence of the common law, including the law merchant, is found in the decisions of the tribunals.

In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in § 1–1–23.

SDCL 1–1–23 reads: The will of the sovereign power is expressed:

(1) By the Constitution of the United States;
(2) By treaties made under the authority of the United States;
(3) By statutes enacted by the Congress of the United States;
(4) By the Constitution of this state;
(5) By statutes enacted by the Legislature;
(6) By statutes enacted by vote of the electors;

(7) By the ordinances of authorized subordinate bodies;
(8) Rules of practice and procedure prescribed by courts or adopted by departments, commissions, boards, officers of the state or its subdivisions pursuant to authority so to do.

7. SDCL 15–2–13(1) provides in pertinent part:

Except where, in special cases, a different limitation is prescribed by statute,[*] the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:

(1) An action upon a . . . obligation, or liability, express or implied[.]