## THE STATE v. LAUGHLIN.

1. **Jury**: EXCUSING JUROR AFTER OPENING CASE: NEW PANEL: TALESMAN. After a jury had been impaneled and the case opened, the court excused a juror on account of his mother's illness. The parties declined to call one more juror, and the court discharged the panel and impaneled a new jury. *Held* that the court had authority to excuse the juror, and that, as it is not shown that the new jury was not impaneled in the regular and lawful manner, that is, by exhausting the regular panel first, and then calling talesmen, there was no ground for the complaint, that the court had "injected" a by-stander into the jury.

2. **Bastardy**: STATUTE OF LIMITATIONS NOT APPLICABLE. The statute limiting actions for personal injuries and statutory penalties to two years has no application to a proceeding to charge the father of a bas-. tard child with its maintenance.

3. **Instructions**: CALLING ATTENTION TO PARTICULAR EVIDENCE. Where the court instructed the jury that they should take into consideration all the evidence in the case, and give to the several points of evidence such weight as they thought they were entitled to, this was sufficient, without calling special attention to the facts testified to by the several witnesses.

*Appeal from Madison District Court*—HON. O. B. AYRES, Judge.

FRIDAY DECEMBER 9.

THIS is a proceeding under the statute, the object of which

is to charge the defendant with the support and maintenance of an illegitimate child of which it is alleged he is the father. The defendant, by a plea of not guilty, denied the parentage of the child. There was a trial by jury, and a verdict of guilty, and the defendant was, by order of the court, required to pay certain sums at stated periods for the support of the child. Defendant appeals.

*V. Wainwright*, for appellant.

*Ruby & Wilkin*, for appellee.

ROTHROCK, J.—I. The first question presented in argument arises upon an alleged error in the selection of the jury. The following are the facts upon which the defendant bases his complaint. We quote from the bill of exceptions: "A jury composed of the same members as the present jury, with the exception of Thomas Kirkland Jr., were duly impaneled and sworn, and statement of counsel made to jury, when the court excused said Kirkland on account of dangerous sickness of juror's mother. The parties declining to call one more juror, the court discharged the panel, and reimpaneled a jury, allowing each party the full number of challenges. The new jury was composed of the same jurors as before, with the exception of John Gowin, who was not a member of the regular panel, the members of the regular panel present being excused. To the action of the court in discharging said jury and reimpaneling, the defendant at the time duly excepted." The defendant claims that a by-stander was "*injected*" into the jury by the action of the court. No question is made in argument as to the power of the court to discharge the juror Kirkland. The parties then declined to call another juror. The court thereupon discharged the remaining jurors, and impaneled a new jury. It will be presumed that the jury was impaneled in the regular and lawful manner; that is, by first exhausting the regular panel, and then calling talesmen. There is nothing in the record showing the contrary.

II. The evidence shows that the child, the paternity of which is in question, was born on the 8th day of December, 1883. The complaining witness claimed that it was begotten on the 28th day of February, 1883. The prosecution was commenced on the 28th day of May, 1885. Defendant claims that the proceeding is barred by the statute of limitations, because it was not commenced within two years after defendant became pregnant. The statute authorizing the proceeding is as follows: "Sec. 4715. When any woman residing in any county of the state is delivered of a bastard child, or is pregnant with a child, which, if born alive, will be a bastard, complaint may be made in writing by any person to the district court of the county where she resides, stating the fact, and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant." It will be observed that the complaint was filed within two years after the birth of the child. Defendant claims that this is too late, because it might have been commenced at any time after the complainant became pregnant. We do not think the statute limiting actions for statutory penalties and other actions to two years has any application to this proceeding. Section 4721 of the Code is as follows: "If the accused be found guilty, he shall be charged with the maintenance of the child in such sum or sums, and in such manner, as the court shall direct, and with the costs of the suit; and the clerk may issue execution for any sum ordered to be paid immediately, and afterwards from time to time, as it shall be required, to compel compliance with the order of the court." The judgment and order of the court is for the maintenance of the child, and the law contemplates that the sum required to be paid shall be paid in installments from time to time. And section 4722 provides that the "court may, at any time, enlarge, diminish, or vacate any order or judgment rendered in the proceeding herein contemplated, on such notice to the defendant as the

*2. BASTARDY: statute of limitations not applicable.*

court or judge may prescribe." It is apparent from these
sections that the obligation to maintain the child is a contin-
uing one, and a new and enlarged order may be made at any
time to meet the necessary outlay for the maintenance of the
child.

III. The evidence in the case was conflicting. The com-
plainant testified that the defendant was the father of the
3. INSTRUCT-  child, and that it was begotten on the night of
IONS: calling
attention to   February 28, 1883. The defendant was a wit-
particular ev-
idence.   ness in his own behalf, and did not deny that he
was in company with the complainant and others on the night
in question; but he stated, in substance, that he was in such a
state of intoxication as to be unconscious, and that he did not
think he was the father of the child. There was a witness in
behalf of the defendant who testified that he met complainant
by appointment at night in a barn about nine months before the
child was born. The defendant prepared and presented to the
court certain instructions to the jury, in which these and
other points of his defense were specially mentioned, and in
which the jury were directed to take said evidence into con-
sideration in determining the paternity of the child. The
court refused to give these instructions to the jury, and the
refusal is complained of by the defendant. We do not think
the complaint is well founded. The court, on its own mo-
tion, instructed the jury to the effect that they should take
into consideration all of the evidence in the case, and give to
the several points of the evidence such weight as they thought
they were entitled to. This was sufficient. The law does
not require the court, in the instructions to the jury, to call
special attention to the facts testified to by the several wit-
nesses.

IV. It is claimed that the evidence was insufficient to
warrant the verdict. We have examined it with care, and do
not concur in the claim made.

AFFIRMED.