BUTLER COUNTY, Appellant,

v.

Darrell M. STRANGE, Appellee.

No. 2–56340.

Supreme Court of Iowa.

Aug. 28, 1974.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen., and Gene W. Shepard, Butler Co. Atty., for appellant.

Canning, Sheerer, Hoffman & Knoernschild, Waterloo, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

This action was brought by Butler County under Chapter 252, The Code, to recover support payments made on behalf of a minor child under the Aid to Dependent Children program (Chapter 239, The Code). From an order sustaining defendant's motion to dismiss its petition, the county appeals. We affirm, although we do so on grounds other than those relied on by the trial court.

The petition alleges that Regina Ann Hulsing was born January 15, 1968, and that an application for a grant of public assistance under the Aid to Dependent Children program was made by the child's mother, Darlene Gallmeyer; that public assistance under that statute is now being paid to her; and that defendant is the fa-

ther of the child and should be required to provide for her support.

Defendant filed a motion to dismiss the petition on four separate grounds, which we paraphrase as follows: (1) that recovery for payments made under Chapter 239 may not be had by a proceeding under Chapter 252; (2) that the action is barred under § 675.33, The Code, because it was not brought within two years from the birth of the child; (3) that even if the limitation contained in § 675.33 does not apply, the action is barred by the limitation set out in § 614.1, The Code, because it was not brought within five years after the birth of the child; and (4) that, if both § 675.33 and § 614.1 are found to be inapplicable as statutes of limitation, the provisions of Chapter 252, The Code, are unconstitutional in their application to defendant because they deny him due process of law contrary to the 14th Amendment to the Constitution of the United States.

The trial court found the claim barred by § 675.33, The Code, limiting actions to establish paternity to two years after the birth of the child. For reasons hereafter set out, we disagree with the trial court's reasoning but we reach the same conclusion on the ground that assistance paid under the provisions of Chapter 239 may not be recovered by an action under Chapter 252.

■ One who seeks to enforce the obligation of a parent to provide support for his or her child has a variety of statutory remedies. Chapters 239, 252, 252A, and 675 all define rights to support under varying circumstances. Each of these was designed principally to meet particular factual situations. None is exclusive of the others. Chapter 675, for instance is intended to establish paternity in cases of illegitimacy and follows the Uniform Illegitimacy Act. (Jensen v. Voshell, 193 N.W. 2d 86, 89 (Iowa 1971)). Chapter 239 is concerned with the problem of dependent children and is related to federally established programs. (Montgomery v. Iowa

Department of Social Services, 209 N.W. 2d 30 (Iowa 1973)). Chapter 252 sets out the statutory provision for the support of the poor, including children, and has been a part of our law for more than 100 years. Chapter 252A is of much more recent origin, having been enacted in 1949 essentially, but not solely, to foster cooperation between the states in proceeding against those who are obligated to pay support but who have departed from the jurisdiction where their dependents live. (Davis v. Davis, 246 Iowa 262, 67 N.W.2d 566 (1954)).

We deal here with the provisions of Chapter 252 under which this action was brought, although we necessarily refer to some of the other statutes in order to explain the basis upon which we decide this case.

■ First we should explain why we disagree with the trial court's conclusion the two-year limitation period in § 675.33 bars this action. In § 675.7 we find this language:

"Proceedings to establish paternity and to compel support by the father may be brought in accordance with the provisions of this chapter. *They shall not be exclusive of other proceedings that may be available on principles of law and equity.*" (Emphasis supplied.)

There is specific recognition in Chapter 252 that paternity may be established and support enforced by the "other proceedings" referred to in § 675.7, for § 252.3 provides:

"The word 'father' in this chapter includes the putative father of an illegitimate child, *and the question of parentage may be tried in any proceeding to recover for or compel the support of such a child,* and like proceedings may be prosecuted against the mother independently of or jointly with the alleged father." (Emphasis supplied.)

It is clear from the language of these statutes that § 675.33 would not be a bar if

this action were properly brought under Chapter 252. We therefore hold that the trial court was wrong in dismissing plaintiff's petition on that ground.

 However, the present action is not one which can be maintained under Chapter 252, and the petition therefore should have been dismissed on the ground urged in the first division of the motion—that the assistance furnished under Chapter 239 cannot be recovered under Chapter 252.

 A dependent child may be a poor person as defined in § 252.1. Davis v. Davis, supra, 246 Iowa at 268, 67 N.W.2d at 569–570; Addy v. Addy, 240 Iowa 255, 263, 264, 36 N.W.2d 352, 357–358 (1949). Assistance *could* have been paid to Regina Ann Hulsing under Chapter 252; but it wasn't. As the petition states, aid was extended under Chapter 239.

The question is this: Can the plaintiff sue under one statute (Chapter 252) for reimbursement of support furnished under another statute (Chapter 239)? We have said no to this on several occasions. Davis v. Davis, supra, 246 Iowa at 267, 67 N.W. 2d at 569; Wright County v. Hagan, 210 Iowa 795, 799, 231 N.W. 298, 301 (1930).

In the latter case the county sought to recover from a mother's estate for support furnished her mentally ill daughter on the ground such assistance was paid to a poor person as defined in what is now Chapter 252. Quoting from § 5309 of the 1927 Code (now § 252.13), we held the county could recover only if the payments had been made pursuant to that chapter. We set out the following from that opinion:

"While [Wright County] strenuously contends that the mother and her estate are legally liable for the money expended by the county for the support of the daughter as a poor person, yet it is apparent that the money expended by the county was for the support of only an insane person * * * and that the daughter was not a county charge under

our statutory law relative to the care and support of the poor."

This decision was cited with approval in Davis v. Davis, supra, 246 Iowa at 267, 67 N.W.2d at 569.

In view of our conclusion, it is unnecessary to consider the other issues raised. We hold plaintiff's petition was properly dismissed.

Affirmed.