STATE of Iowa, DEPARTMENT OF SOCIAL SERVICES, CEDAR COUNTY ex rel. Dixie Lee BRECHT, Appellant,

v.

Corbin Eugene BRECHT, Appellee.

No. 2–58408.

Supreme Court of Iowa.

June 29, 1977.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen., Michael P. Murphy, Asst. Atty. Gen., and Edward W. Kemp, County Atty., for appellant.

Warren C. Ackley, Cedar Rapids, for appellee.

HARRIS, Justice.

The Iowa department of social services (the department) brought this action under the uniform support of dependents law [chapter 252A, The Code] to recover from respondent for public assistance furnished his two children. Because respondent had previously satisfied the support provisions of a divorce decree the trial court dismissed the action. On the department's appeal we affirm the trial court.

Dixie Brecht (Dixie) and Corbin Brecht (Corbin) were married December 17, 1963. The two children involved are Scott Allen Madsen (Scott) born March 23, 1963 and Cindy Lou Brecht (Cindy) born April 29, 1966. In August of 1964 Corbin filed a petition for divorce which resulted in a decree finally entered May 7, 1968. Dixie and Corbin separated when the divorce action was filed. The department contends Dixie and Corbin continued to see each other during the separation.

A stipulation of Corbin and Dixie was incorporated in the divorce decree. It placed custody of the two children with Dixie and provided for Corbin to pay a lump sum of $6000 in child support in lieu of periodic payments. Corbin paid the $6000.

On about January 1, 1969 Scott and Cindy began receiving public assistance (ADC) through the department. ADC was still being provided at time of trial. The department brought this suit against Corbin for reimbursement of the public support and to require continued support by Corbin. The department's appeal from dismissal of their suit raises two issues.

■ I. Scott was born several months before the marriage between Dixie and Corbin. Cindy was born about a year and one half after the parties separated but more than two years prior to the time the decree was entered. Corbin contends the trial court erred in finding he is the father of Scott and Cindy. At trial he attempted to show he was not the father of either child. Paternity is a proper issue in a proceeding under chapter 252A. *Greenstreet v. Clark,* 239 N.W.2d 143, 147 (Iowa 1976).

■ The action is in equity. § 252A.6(1); *Greenstreet,* supra, 239 N.W.2d at 148. Accordingly our review is de novo. The findings of the trial court are given weight but are not binding. *Local Bd. of Health, Boone County v. Wood,* 243 N.W.2d 862, 864 (Iowa 1976) and authorities; Rule 334, Rules of Civil Procedure.

■ Although the divorce decree with its stipulation was offered in evidence at trial

it was not admitted. The trial court considered the decree on the ground Dixie and Corbin had sufficiently established its existence and contents through their testimony concerning it.

From our de novo review of the record we believe the trial court erred in not receiving the decree into evidence. Both Dixie and Corbin testified to its existence and the fact a $6000 lump sum child support payment was ordered. We find the decree was relevant and we further find adequate foundation for its admission. Accordingly we receive and consider it.

The stipulation contained the following language:

"1. That the defendant shall be awarded the care, custody and control of the minor children of the parties, namely, Scott Allen and Cindy Lou. The plaintiff shall have visitation rights with said children at all reasonable times and places.

"2. It is agreed by and between the parties hereto that the plaintiff, Corbin Eugene Brecht, shall make a lump sum settlement of his child support obligation in lieu of regular weekly, monthly, or yearly payments. The plaintiff hereby agrees to pay the defendant for the support of the minor children of the parties, the sum of $6,000.00; $2,000.00 of which is to be paid on the date of the filing of the decree in this cause and the remainder to be paid in full by the 1st day of April, 1969."

■ We hold the stipulation amounts to an admission of paternity by Corbin pursuant to § 252A.3(9) which provides:

"The natural parents of a child born out of wedlock shall be severally liable for the support of the child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child's father by a court of competent jurisdiction, *or he has acknowledged paternity of the child in open court or by written statement.*" (Emphasis added.) See *In re Estate of Devine,* 255 Iowa 726, 732–733, 123 N.W.2d 898, 902–903 (1963). See also *Jensen v. Voshell,* 193 N.W.2d 86, 88–89 (Iowa 1971); 10 Am.Jur.2d, Bastards, § 56,

pp. 884–886; Annot., 33 A.L.R.2d 705, 721–730; 10 C.J.S. Bastards § 86, p. 175.

■ The admission of Scott's paternity is binding by the express terms of the statute. A fortiori, by reason of the presumption of legitimacy of children born in wedlock, admission of Cindy's paternity is binding because she was born during the marriage. See *Kuhns v. Olson,* 258 Iowa 1274, 1276, 141 N.W.2d 925, 926 (1966).

Corbin's claim the trial court erred in its finding of paternity is without merit.

II. Having determined Corbin's paternity was established we turn to the department's contention it can enforce support obligations against him for public support furnished the children. The State, through its department or political subdivisions, may seek reimbursement for support furnished to a dependent and future support. Under the terms of § 252A.5(5) the department " * * * has the same right * * * to invoke the provisions hereof as the dependent to whom the support was furnished, for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support; * * *."

Of course the provisions of chapter 252A apply to purely intrastate matters. § 252A.5(1); *Kelley v. Iowa Department of Social Services,* 197 N.W.2d 192, 199 (Iowa 1972). Corbin's liability for the support of his children is established by the provisions of § 252A.3(1), (3), (4), (7), (8) and (9). See also *Greenstreet,* supra; *Kelley,* supra; *Beneventi v. Beneventi,* 185 N.W.2d 219 (Iowa 1971). The special question presented here is the effect of the divorce decree upon the department's action.

The department asks us to adopt and apply a rule which exists in a minority of states. A majority of states hold a sum certain ordered as support in a divorce decree fixes the limit of a father's support obligations. 24 Am.Jur.2d, Divorce and Separation, § 835, pp. 946–947; 27B C.J.S. Divorce § 319(5), pp. 619–620; Annot., 7 A.L.R.2d 491. We seem never to have been called upon to answer the specific question although we have held the absence of *any*

support allowance in a divorce decree does not terminate a father's obligation to provide his children with necessaries. *Addy v. Addy,* 240 Iowa 255, 258–259, 36 N.W.2d 352, 355 (1949). Our decision in *Addy* did not treat the question of the obligation of a father to provide necessaries for his children where a divorce decree specified his support obligations.

■ In carefully selected language in § 252A.5(5) the legislature specifically equates the rights of the department with the rights of the children. This section delineates the authority of the department. The rights of the department for reimbursement and future support are identical with those of the children. The statute left the determination of appropriate support for the court. As written, § 252A.5(5) does not indicate the legislature intended the department should have the power to overrule a court decree entered as a result of a court's balancing the needs of the children and the ability of the father to pay.

■ Corbin fully complied with the support terms of the divorce decree. Unfortunately the trial court approved a stipulation for a lump sum payment for support without providing any check on the fund or protection for the children when it was paid. We believe and hold such a practice is against public policy. Reasonable and adequate safeguards should be imposed upon such lump sum payments to assure their eventual and orderly distribution for the needs of the children. Such safeguards protect both the children and the parent ordered to pay a lump sum. In order for us to recognize a lump sum support payment the trial court should order it paid into the office of the clerk or into some trust depository with provisions for payment over for the benefit and necessaries of the children. Because this decree contained no such safeguards Corbin's compliance with it would not ipso facto relieve him of further responsibility for his children's necessaries.

■ Under a decree providing for periodic support (or a lump sum decree with adequate safeguards such as we have outlined)

the rules are well settled. In order to obtain an increase in the amount of support the department, standing in the shoes of the children, would be required to show a substantial change of circumstances since the date of the original decree. It would further be required to show such change was not within the contemplation of the trial court when the earlier decree was entered. *Page v. Page,* 219 N.W.2d 556, 557 (Iowa 1974); *In re Marriage of Glass,* 213 N.W.2d 668, 671 (Iowa 1973); *Mears v. Mears,* 213 N.W.2d 511, 515 (Iowa 1973).

 The department might have escaped the necessity of showing such a change of circumstances because of the inadequacy of the safeguard for the lump sum support payment but failed in its proof. The department merely showed the children received ADC payments of $2890 from September 1, 1973 to the approximate date of hearing. The department made no showing of what the children's necessaries were, of Corbin's ability to pay them, or even of his refusal to pay for them. The department's petition for reimbursement and future support fails for total lack of factual basis in the record.

The trial court did not err in dismissing the petition.

AFFIRMED.