**The STATE of Iowa ex rel. Theresa L. ANDREW, Appellant,**

**v.**

**Jeffery Paul CARDELLA, Appellee.**

**No. 62141.**

Supreme Court of Iowa.

Aug. 29, 1979.

Thomas J. Miller, Atty. Gen., and Robert E. Keith, Asst. Atty. Gen., for appellant.

Donald R. Newbrough, of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE, and LARSON, JJ.

LeGRAND, Justice.

This case presents the narrow issue whether the two-year limitation provision contained in § 675.33, The Code, bars an action "for support of a minor child under ch. 252A, The Code. The trial court held it did. We reverse and remand for a trial on the merits.

This action was brought in the name of the State of Iowa on the relation of Theresa L. Andrew. All statutory references are to the 1975 Code. The petition alleges that

she is the mother of Eva Irene Andrew, who was born on January 9, 1975, and whose father is Jeffery Paul Cardella, the respondent. The petition asks that the respondent, an able bodied man capable of earning a good livelihood, be required to reimburse the Story County Department of Social Services for support heretofore furnished said child and to be required also to furnish continuing support for the child as provided in § 252A.5(5).

The respondent filed his answer denying the material portions of the petition and asserting as an affirmative defense the statute of limitations (§ 675.33), which we here set out:

> Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

Chapter 252A contains no limitation statute, but the trial court held the action barred by the two-year restriction set out above. If § 675.33 is applicable, the dismissal of the petition was correct; otherwise it was not.

This case is troublesome because of the apparent conflict in our prior opinions dealing with actions to enforce payment of child support. *See State ex rel. Krupke v. Witkowski,* 256 N.W.2d 216 (Iowa 1977); *Greenstreet v. Clark,* 239 N.W.2d 143 (Iowa 1976); *Butler County v. Strange,* 221 N.W.2d 281 (Iowa 1974); *Jensen v. Voshell,* 193 N.W.2d 86 (Iowa 1971). We say "apparent" because none of these cases is controlling here. *Witkowski* was brought under ch. 675, not ch. 252A. The same is true of *Jensen,* which is cited in *Witkowski.* They did not purport to settle any rights under 252A.

*Greenstreet* is a case arising under ch. 252A, but the limitation provision of § 675.-33 was not put in issue, even though the action was not started for eight years after the child's birth.

*Butler County* is authority for the rule that § 675.33 does not apply to suits brought under ch. 252 (not 252A).

Even though these cases are distinguishable, either because brought under different statutes or because of factual distinctions, some of our language bears on our present problem.

In *Jensen* we anticipated the issue now before us, although we did not refer specifically to ch. 252A, when we said:

> We are not here called upon to decide what situations might fall within the prior "judicially established" paternity exception to the limitation statute (§ 675.-33). We need not here determine whether action could be brought by the child or someone on his behalf to establish paternity as intimated in *Reppert v. Reppert,* 214 Iowa 17, 241 N.W. 487 (1932), and as permitted by declaratory judgment proceeding in another jurisdiction. *Miller v. Currie,* 208 Wis. 199, 242 N.W. 570 (1932). Neither do we determine what effect, if any, the child's minority would have on a limitation statute affecting such action, if available. Conceivably paternity might be established by an action instituted by a welfare agency under § 252.3, in which case the statute would not begin to run pursuant to § 252.13 until public support expense was paid.

193 N.W.2d at 89.

Later in *Witkowski* we used language the respondent now finds so comforting. We said there:

> Plaintiff contends that the meaning of chapter 675 has been clarified by the legislature since the *Jensen* decision was rendered through enactment of The Child Support Recovery Act, 66 G.A. (1975 Session), chapter 151, now codified at chapter 252B, 1977 Code. Section 5 of that Act provides, inter alia, that the child support recovery unit established by the Act shall provide the following services:
> "2. Aid in establishing paternity and securing a court order for support pursuant to chapter six hundred seventy-five (675) of the Code.
> "3. Aid in enforcing through court proceedings an existing court order for

support issued pursuant to chapters two hundred fifty-two A (252A), five hundred ninety-eight (598), and six hundred seventy-five (675) of the Code."

Plaintiff argues this statutory language manifests a legislative intent that the legislature intended chapter 675 to provide for two causes of action—one to establish paternity, the other to enforce the obligation. We disagree.

. . . . .

We believe when the two statutes are properly read together in light of the foregoing principles the *Jensen* rationale becomes even more persuasive. Chapter 252B establishes no new theories of child support recovery but merely creates a vehicle to establish paternity under chapter 675 and enforce existing court orders for support previously entered in chapters 252A, 598, 675 proceedings. Plaintiff's argument seeking to circumvent section 675.33 is without merit. Also see Annot., Statute of Limitations in Illegitimacy or Bastardy Proceedings, 59 A.L.R.3d 685, particularly section 3, pages 698–702; 10 C.J.S. Bastards § 60 pages 155–156.

256 N.W.2d at 219.

The *Witkowski* opinion deals with ch. 675 and ch. 252B. We do not retreat from anything said there; but we do not extend it beyond its precise holding that, when ch. 675 is resorted to, the action to establish paternity is inseparable from one to enforce the obligation to support.

We pointed out in *Butler County,* 221 N.W.2d at 282, the different statutes under which the obligation for child support could be enforced. We are concerned here with two of them—ch. 675 and ch. 252A. Each disclaims any preemptive rights.

In the former, § 675.7 provides:

Proceedings to establish paternity and to compel support by the father may be brought in accordance with the provisions of this chapter. *They shall not be exclusive of other proceedings that may be available on principles of law and equity.* (Emphasis supplied).

In ch. 252A, this appears as § 252A.8:

This chapter shall be construed to furnish an *additional* or *alternative* civil remedy and *shall in no way affect or impair any other remedy,* civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter. (Emphasis supplied).

We believe *Greenstreet* comes closest to solving the present problem. That was an action brought, as was the one now before us, under ch. 252A. This is commonly known as the Uniform Support of Dependents Law. Its purpose is to secure support for "dependent spouses, children and poor relatives from persons legally responsible for their support." § 252A.1. Referring to children born out of wedlock, § 252A.3(9) provides:

The natural parents of a child born out of wedlock shall be severally liable for the support of the child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child's father by a court of competent jurisdiction, or he has acknowledged paternity of the child in open court or by written statement.

In *Greenstreet* the jurisdiction of the court to determine paternity was discussed in connection with the putative father's assertion he was entitled to a jury trial. We said there:

The question presented whether a court in a chapter 252A proceeding may adjudicate paternity (or whether the court is of "competent jurisdiction") apparently remains unanswered by the act, as the legislation is silent concerning a court's powers in this regard.

Chapter 675, The Code, 1971, entitled "PATERNITY OF CHILDREN AND OBLIGATION OF PARENTS THERETO," grants the right to trial by jury if so demanded in actions to establish paternity. Yet, the chapter is not the exclusive remedy. Section 675.7 provides:

"*Proceedings to establish paternity.* Proceedings to establish paternity and to compel support by the father may be

brought in accordance with the provisions of this chapter. They shall not be exclusive of other proceedings that may be available on principles of law and equity."

Thus, since chapter 675 is not exclusive, chapter 252A proceedings might be capable of determining the issue of paternity, as "it is implicit from a review of the * * * provisions of our Uniform Support of Dependents Law, and the decision of other courts under like statutes, that the only real problem in such a proceeding is the *extent of the support required of the respondent.*" (Emphasis supplied). *Beneventi v. Beneventi,* 185 N.W.2d 219, 223 (Iowa 1971).

At the outset, it would seem only logical that any question of paternity *must* be adjudicated, even in absence of the aforementioned 1973 amendment, before a respondent is required to furnish support.

239 N.W.2d at 145.

We then reviewed cases from other jurisdictions and concluded:

It thus becomes apparent that in jurisdictions considering the issue, more have allowed paternity determination than have not. And in light of section 252A.9, providing that "this chapter shall be so interpreted and construed so as to effectuate its general purpose to make uniform the law of the states which enact it", we hold the paternity issue is a proper subject of inquiry under our Uniform Support of Dependents law.

*Id.* at 147.

This would settle the question except, as already noted, the applicability of § 675.33 as a bar was not considered there. We do not believe, however, that we intended to confine the rule adopted in *Greenstreet* to cases in which the action was started within two years. In other words, we hold § 675.-33 does not operate as a limitation in actions brought under ch. 252A. *Cf. Butler County v. Strange,* 221 N.W.2d at 282–83 (§ 675.33 not a bar to an action for child support under ch. 252).

We reverse the order of dismissal and remand for further appropriate proceedings.

REVERSED AND REMANDED.