Debra L. STEARNS and County of Los Angeles, State of California, Appellants,

v.

Michael L. KEAN, Appellee.

No. 65052.

Supreme Court of Iowa.

March 18, 1981.

is the Iowa version of the Uniform Reciprocal Enforcement of Support Act (URESA).

Plaintiff Debra L. Stearns conceived a child in September or October 1972. Within that time period she had sexual relations with defendant Michael L. Kean. A child, Rebecca Lenore Kean, was born July 26, 1973. Kean denies paternity of Rebecca.

Stearns received financial assistance from Los Angeles County, California, by way of aid to dependent children. On July 18, 1978, she and the county brought an action in the superior court in Los Angeles County to establish that Kean is Rebecca's father and to obtain child support from him of $225 per month.

The superior court found that Kean resides in Polk County, Iowa. The court therefore transferred the action pursuant to URESA to the district court in Polk County.

On June 13, 1979, Kean filed a motion to dismiss the action in Polk County. He asserted the statute of limitations. On August 10, 1979, the district court overruled the motion on the ground that chapter 252A contains no time limitation for bringing an action.

On November 1, 1979, Kean filed a motion to adjudicate law points, again raising the issue of limitations. On November 9, 1979, Stearns filed a resistance. The district court, by order dated February 6, 1980, set the motion for hearing on February 25, 1980. Kean received a copy of the order promptly, but Stearns' attorney did not receive it until March 3, 1980; it was postmarked February 28, 1980. He therefore did not appear at the hearing on February 25. On February 26, 1980, the district court ordered the action dismissed as barred by section 614.1(4) of the Code. Stearns' attorney received that order on February 29.

On March 5, 1980, Stearns filed a motion for rehearing on the ground that no notice of the hearing was received until after the hearing was held and the order for dismissal was entered. By agreement of the parties, the district court granted Stearns' motion, but upon second hearing orally stated

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., and Linda T. Lowe, Asst. Atty. Gen., for appellants.

William J. Trout of Coppola, Trout, Taha & Gazzo, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

UHLENHOPP, Justice.

This appeal poses a time limitation question in a paternity and support action under chapter 252A, The Code 1979. That chapter

that the original order for dismissal would stand. The court entered a written order for dismissal on April 10, 1980.

Stearns filed a notice of appeal to this court on April 22, 1980. Kean thereupon filed a motion in this court to dismiss the appeal as untimely.

I. *Timeliness of appeal.* Stearns had thirty days to appeal. Iowa R.App.P. 5(a). She filed her notice of appeal fifty-six days after the first order for dismissal but twelve days after the second one. Which of those two time periods applies? The first order for dismissal would clearly have been appealable if the second one had not been entered. *Andersen Construction Co. v. National Bank,* 262 N.W.2d 563, 564 (Iowa 1978). Does this mean that Stearns had to appeal within thirty days of the first order?

█ This court has no jurisdiction to entertain an appeal from a ruling that is not a final judgment, except on leave of this court. *In re Marriage of McCreary,* 276 N.W.2d 399, 400 (Iowa 1979). "A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position." *Johnson v. Iowa State Highway Commission,* 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965); *see Helland v. Yellow Freight System, Inc.,* 204 N.W.2d 601, 604 (Iowa 1973); *Crowe v. De Soto Consolidated School District,* 246 Iowa 38, 40, 66 N.W.2d 859, 860 (1954). A final judgment need not be a judgment entered on a verdict after trial; it may exist in other forms such as a dismissal or a summary judgment in some situations. *Orr v. Iowa Public Service Co.,* 277 N.W.2d 899, 901 (Iowa 1979); *In re Estate of Campbell,* 253 N.W.2d 906, 908 (Iowa 1977).

█ Stearns claims that her attorney's absence at the first hearing on the motion to adjudicate law points was excusable because he was not notified of the hearing. A preliminary question is whether the court could rule on the motion anyway because of rule 117(a) of the Rules of Civil Procedure. Although a motion to adjudicate law points

comes within the definition of a "motion" in rule 117(d), *see Iowa State Department of Health v. Hertko,* ?82 N.W.2d 744, 753 (Iowa 1979); *Bass v. Iowa Public Service Co.,* 184 N.W.2d 691, 692 (Iowa 1971), we need not decide whether rule 117(a) governs the submission of motions to adjudicate law points in chapter 252A proceedings. Neither the parties nor the district court proceeded under rule 117. The application was filed on November 1, 1979, but did not come on for ruling at the next motion day that occurred at least ten days later. Instead, on February 6, 1980, the court set it for hearing. *See* rule 115. We thus lay rule 117 aside.

The question then is whether the district court, having heard one side on February 25 and entered an order for dismissal on February 26, could, on the absent party's subsequent request and the agreement of the parties, legally hold another hearing on the motion to adjudicate law points and enter an order on it. We have held that a motion to amend findings and judgment under rule 179 is not appropriate when a summary judgment has been entered, for the reason that no trial was held in the first place, *City of Eldridge v. Caterpillar Tractor Co.,* 270 N.W.2d 637, 641 (Iowa 1978); *but see* present Iowa R.Civ.P. 237(c), and we have said that the same is true of orders on motions to adjudicate law points. *Orr,* 277 N.W.2d at 901 (motions for new trial under rule 244 also inappropriate for same reason). In the present case, therefore, if both parties had on February 25 submitted the motion for adjudication of law points for decision, either by appearing or by not appearing although notified of the hearing, the loser could not effectively have filed a rule–179 or rule ·244 motion.

█ But that is not what happened. Stearns did not purport to file her motion under rule 179 or 244. She called her motion a motion for rehearing, but motions are governed by their substance rather than their labels. *Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.,* 158 N.W.2d 1, 3 (Iowa 1968). Her actual complaint was that the original order for dismissal was not

binding for lack of notification. Though she captioned her motion as one for "rehearing," she was not really asking for a rehearing but for a first hearing. Her request came eight days after the order for dismissal, and the problem is whether the district court, under the circumstances disclosed, could validly hold a second hearing.

Had Stearns appealed from the original dismissal order before filing her motion for rehearing, the district court would have lost jurisdiction and Stearns could not have successfully asserted a "motion for rehearing." *Weaver v. Herrick*, 258 Iowa 796, 803, 140 N.W.2d 178, 182 (1966). But she did not follow this course either; she filed her motion for rehearing instead.

█ If the district court's original order for dismissal is considered to be an "order," Iowa R.Civ.P. 119, then we think the district court had authority to entertain Stearn's motion for rehearing, hold another hearing because of lack of notice to Stearns of the first hearing, and to enter a new order. We have no statute or rule which states that the district court shall not have such authority. We find the following in 56 Am.Jur.2d *Motions, Rules, and Orders* § 42 (1971):

> A court of general jurisdiction, unless restricted by statute, may, pursuant to its full control of its own orders and in the exercise of its sound discretion, correct, revise, open, vacate, or amend an order in furtherance of justice. Jurisdiction to make an order, particularly an interlocutory order, necessarily carries with it the power to revise or revoke it when it has been granted improvidently or erroneously. An order entered without notice should be vacated, at least to the extent that it affects the interest of the moving party. But when a court has passed on all the questions presented on a motion, and made and entered an order, it would be improper for it to set the order aside merely to try a new issue that ought to have been presented on the original hearing.

To the same effect see 60 C.J.S. *Motions & Orders* § 62(4) (1969).

If, on the other hand, the district court's original order for dismissal is considered to be a "judgment," then we think the district court had discretion to treat Stearns' motion in the nature of a request to set aside a default and grant a hearing for lack of notice of the first hearing, under rule 236 of the Rules of Civil Procedure:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

We hold that the district court had authority to do what it did, and that the second order of dismissal was effective and final. Indeed, we believe the district court justly granted the second hearing. The motion to adjudicate law points raised a novel and rather difficult question, the movant had an opportunity to argue it orally, Stearns did not have a corresponding opportunity due to failure of notice, and the court rectified the difficulty by holding another hearing. *Cf. Credit Industrial Corp. v. Miller*, 255 Iowa 1022, 1024, 125 N.W.2d 142, 143 (1963) (motion to vacate following order sustaining motion to dismiss—*see* Iowa R.Civ.P. 86). On the desirability of allowing parties to be heard, see *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324, 326 (Iowa 1973); *Buchholz v. Board of Adjustment*, 199 N.W.2d 73, 77–78 (Iowa 1972); *Zimmerman v. Purex Corp.*, 256 Iowa 190, 193, 125 N.W.2d 822, 824 (1964).

We overrule the motion to dismiss the appeal, as it was timely taken from the entry of the second order. We turn to the merits.

II. *Statute of Limitations.* Kean contends that the "all other actions" clause of the general statute of limitations in section

614.1(4) of the Code applies to a support action brought under chapter 252A. Section 614.1(4) provides:

> Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
>
> . . . .
>
> 4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years, except as provided by subsection 8 [wage claims].

This action was brought more than five years after Rebecca's birth.

■ Chapter 252A is a vehicle for obtaining support for dependents from persons who are legally responsible. § 252A.1. Other support actions can be brought under chapters 239 (aid to dependent children), 252 (support of the poor), and 252B (child-support recovery), and paternity proceedings may be brought under chapter 675. Paternity may be determined in a chapter 252A proceeding as well. *Greenstreet v. Clark,* 239 N.W.2d 143, 147 (Iowa 1976).

Chapter 675 relating to paternity contains a two-year statute of limitations, § 675.33, in proceedings to enforce the father's obligation. Recently we faced the question of whether that limitation is effective on the issue of paternity itself in a chapter 675 action, and we held it is. *Jensen v. Voshell,* 193 N.W.2d 86, 89 (Iowa 1971). This view was later challenged but upheld in *State ex rel. Krupke v. Witkowski,* 256 N.W.2d 216, 219 (Iowa 1977).

We subsequently held, however, that section 675.33, while effective in chapter 675 proceedings, has no effect in chapter 252 proceedings. *Butler County v. Strange,* 221 N.W.2d 281, 282–83 (Iowa 1974). Later we held that chapter 252A like chapter 252 is not governed by the statute of limitations provided in section 675.33. *State ex rel. Andrew v. Cardella,* 282 N.W.2d 117, 120 (Iowa 1979). *See also State v. Laughlin,* 73 Iowa 351, 353, 35 N.W. 448, 449 (1887). While we have thus considered the only *specific* statute of limitations that exists in paternity and support statutes, section 675.-33, we have refused to apply it to non-chapter 675 proceedings.

The issue here—whether the *general* five-year statute of limitations applies to support actions—has also been presented to us, but we have not decided it. In *Butler County,* Strange contended that section 614.1(4) applies in chapter 239 proceedings (ADC). We resolved that case on other grounds, and did not reach the issue. Similarly, in *Cardella* we quoted the following from *Jensen* : " 'Neither do we determine what effect, if any the child's minority would have on a limitation statute affecting such [chapter 252A] action, if available.' " *Cardella,* 282 N.W.2d at 118 (quoting *Jensen,* 193 N.W.2d at 89).

In determining whether section 614.1(4) applies in this chapter 252A action, we first look to the language used by the General Assembly in chapter 252A to glean legislative intent. That intent is the polestar of statutory construction. *Fleur de Lis Motor Inns, Inc. v. Bair,* 301 N.W.2d 685, 689 (Iowa 1981); *Hartman v. Merged Area VI Community College,* 270 N.W.2d 822, 825 (Iowa 1978); *City of Des Moines v. Elliott,* 267 N.W.2d 44, 45 (Iowa 1978).

An action under 252A is commenced by a "petitioner" or a "petitioner's representative" who files a verified petition in a court of equity alleging need for and entitlement to support. § 252A.6(1). A "petitioner" is defined as a dependent person for whom support is sought, § 252A.2(5), and a "petitioner's representative" includes a state or county attorney, or other public official, charged with the duty of instituting, maintaining, or prosecuting a proceeding under 252A. § 252A.2(7). The statutory definition of a petitioner's representative does not refer to the mother of a dependent child. The reason for this may be the interests the mother may have in conflict with those of the dependent and the state, such as hiding the identity of the father or pro-

tecting the dependent from publicity. *See* 7 Fla.St.U.L.Rev. 581, 583 (1979). These divergent interests are indicative of the counteracting policy considerations in paternity and support cases and of the resulting disagreements concerning statutes of limitations. *See Annot.*, 59 A.L.R.3d 685 (1974).

■ We conclude that the question of limitations is governed by specific provisions of chapters 252A and 614. We first inquire, what would be the applicable period of limitation if Rebecca had brought this action? *See* Iowa R.Civ.P. 12. All portions of a statute must be read together, *Rohret v. State Farm Mutual Insurance Co.*, 276 N.W.2d 418, 420 (Iowa 1979), and undue emphasis may not be given to any single part. *Hanover Insurance Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978). Section 614.8 of the same limitations chapter Kean relies on provides:

> The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.

Section 599.1 of the Code provides:

> The period of minority extends to the age of eighteen years, but all minors attain their majority by marriage.

■ We conclude that had Rebecca sued, the five-year limitation in section 614.1(4) would not have barred this action at the time it was brought because of the operation of section 614.8. See in support of this conclusion, *Perez v. Singh*, 21 Cal.App.3d 870, 872, 97 Cal.Rptr. 920, 921 (1971); *Van Buskirk v. Todd*, 269 Cal.App.2d 680, 689, 75 Cal.Rptr. 280, 285 (1969); *Jefferson County Department of Social Services v. D. A. G.*, Colo., 607 P.2d 1004, 1005 (1980) (citing Uniform Parentage Act § 7, allowing child three years after majority to bring paternity action); *Sutherland v. Hurin*, Mont., 605 P.2d 1133, 1135 (1980) (citing state statute allowing child one year after majority to bring filiation proceedings). *See also Huss v. DeMott*, 215 Kan. 450, 455, 524 P.2d 743,

747 (1974); *Palmer v. Mangum*, 338 So.2d 1002, 1003 (Miss.1976); *Nielsen v. Hansen*, 564 P.2d 1113, 1114 (Utah 1977).

One of the plaintiffs who actually sued is Los Angeles County, which provided the support. We next inquire, what limitation applies to it? Section 252A.2(1) provides:

> "*State*" shall mean and include any state, territory or possession of the United States and the District of Columbia.

Section 252A.5(5) provides:

> Whenever the state or a political subdivision thereof furnishes support to a dependent, it has the same right through proceedings instituted by the petitioner's representative to invoke the provisions hereof as the dependent to whom the support was furnished, for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support; the petition in such case may be verified by any official having knowledge of such expenditures and consent of the dependent shall not be required in order to institute proceedings under this chapter.

Since Los Angeles County has the "same right" to invoke chapter 252A as Rebecca has for "reimbursement of expenditures" and for "obtaining continuing support" and since the action by Rebecca would not be barred, we hold that this proceeding by the county is not barred. This result is not altered by the presence of Stearns as an additional plaintiff.

Stearns and the county also argue that applying section 614.1(4) so as to bar this action would have the effect of invidiously discriminating against illegitimate children. Since we hold that section 614.1(4) does not bar the present action, we need not consider this argument.

Appellants' 18-page brief cost $369.82; their 28-page appendix cost $537.92. We direct the clerk, in taxing the costs to appellee, to assess only $54 for appellants' brief and $84 for their appendix. *See State v. Cedar Rapids Board of Realtors*, 300 N.W.2d 127, 131 (Iowa 1981).

The district court should have overruled Keans' motion to adjudicate law points.

REVERSED.