Sandra Sue FOREMAN and Lance Wayne Smith, by his next Friend and Mother, Sandra Sue Foreman, Appellees,

v.

Gary Wayne WILCOX, Appellant.

No. 64051.

Supreme Court of Iowa.

May 13, 1981.

L. Jeffrey Zearley, Tipton, for appellant.

Allan L. Harms, Asst. Linn County Atty., and James M. Redmond, Cedar Rapids, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and LARSON, JJ.

UHLENHOPP, Justice.

This appeal and cross appeal from a judgment requiring support by respondent Gary Wayne Wilcox of a child born out of wedlock presents three issues: whether the action is maintainable under chapter 252A, The Code 1981; whether Wilcox' parentage of the child was established by a preponderance of the evidence; and whether Wilcox should be required to make partial reimbursement for past support furnished by the mother, petitioner Sandra Sue Foreman.

■ The action is in equity and we find the facts anew; we give weight to the findings of the trial court but are not bound by them. *State Department of Social Services ex rel. Brecht v. Brecht,* 255 N.W.2d 342, 344 (Iowa.1977).

I. Foreman has supported the child, co-petitioner Lance Wayne Smith, since his birth on February 23, 1970, much of the time by her own efforts and part of the time with public assistance in the form of aid to dependent children under chapter 239, The Code. At the time of this action she was receiving ADC, and she had assigned any support payments received to the Iowa Department of Social Services.

■ Wilcox makes two contentions. He asserts, first, that petitioners could not sue under chapter 252A to recover for assistance provided under chapter 239, citing *Butler County v. Strange,* 221 N.W.2d 281 (Iowa 1974). This is not the holding of *Strange.* That action was brought by the *governmental unit* under chapter *252* of the Code (support of the poor). But the assistance which the county sought to recover from the putative father was not provided by the county under 252. It was provided under chapter 239, and we therefore held that a chapter–252 action could not be maintained by the county. *Id.* at 283. This action, however, is by the dependent himself as one petitioner. He is not suing to recover ADC as such, although the Department may ultimately get the money, but rather to enforce his own right to support from his alleged father, as chapter 252A authorizes. §§ 252A.2(5), 252A.3(9).

Moreover, differing from chapter 252 involved in *Strange,* chapter 252A expressly gives the governmental unit furnishing ADC or other assistance authority to bring an action under that chapter the same as the dependent may do. § 252A.5(5); *see Stearns v. Kean,* 303 N.W.2d 408 (Iowa 1981). This action could have been brought under chapter 252A by the governmental unit itself.

We do not find merit in Wilcox' first contention.

■ II. Wilcox next asserts that petitioners did not establish paternity. This issue is factual. The burden of persuasion is on petitioners, by a preponderance of the evidence, and the law does not require corroboration of the mother although the presence or absence of corroboration may influence the fact finder in the ultimate finding. *State ex rel. Brown v. Middleton,* 259 Iowa 1140, 1142, 147 N.W.2d 40, 41 (1966).

■ Lance was conceived in May or June 1970. Foreman testified she had sexual intercourse with Wilcox during that period and with no one else.

A witness testified that Foreman and Wilcox spent a night together within that time frame. Wilcox did not deny that he had intercourse with Foreman. The trial court found no reason to question Foreman's credibility and neither do we. On the record presented and under the preponderance of the evidence standard, we find that Wilcox is the father of Lance. We thus reject Wilcox' second contention.

III. The trial court required Wilcox to pay $35 each week prospectively until Lance becomes eighteen or is emancipated. We construe this as an allowance toward ongoing support. Petitioners claim that Foreman alone has had most of the burden of the support of Lance since his birth, in a very considerable sum, and that Wilcox should make payments also toward that past support.

■ Wilcox is single, supports only himself, earns good wages, and owns a home with some equity. He can pay at least $50 weekly, and we believe a requirement of payments toward past support as well as toward current support is consistent with the intent of sections 252A.4(2) and 252A.5(5), and with the rationale of *Brown v. Brown,* 269 N.W.2d 819, 822 (Iowa 1978). *See also Rowell v. Rowell,* 97 Kan. 16, 20, 154 P. 243, 245 (1916). The rule generally followed in analogous bastardy proceedings is that the father may be required to make payments to the mother toward past support, if justified by the evidence as it is here. 10 Am.Jur.2d *Bastards* § 127 (1963)

("The award may include an amount for the support of the child from the date of his birth to the date of adjudication of paternity."); 10 C.J.S. *Bastards* § 111(a) (1938) ("[T]he usual practice is to make an order against defendant based on 'a judgment which shall include a reasonable allowance for the past, as well as the future, maintenance of the child . . . .").

The amount of $50 weekly is reasonable, considering Foreman's past support and her need and Wilcox' means. We thus approve the trial court's judgment but modify it to increase the child support to $50 per week to continue until Lance becomes eighteen or is emancipated, of which $35 is to be applied toward current support and $15 is to be applied toward past support furnished by Foreman. As to the portion relating to current support, the district court may subsequently make modifications upon a material change of circumstances, *Brecht*, 255 N.W.2d at 346; 10 Am.Jur.2d *Bastards* § 131 (1963); 10 C.J.S. *Bastards* § 114 (1938), and may also make a determination regarding support after age eighteen under section 252A.2(3). We direct the district court to enter a supplemental decree in accordance with this opinion.

MODIFIED AND AFFIRMED WITH DIRECTIONS.