STATE of Iowa ex rel. Catherine Hansen EVERS, Appellee,

v.

Kim Carl BERRIDGE, Appellant.

No. 88–853.

Court of Appeals of Iowa.

Aug. 23, 1989.

Clemens Erdahl, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., and J. Livingston Dunkle, Asst. Atty. Gen., for appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Kim Carl Berridge appeals from the district court order reinstating his $200 per month child support obligation even though he executed his consent to the adoption of his child and relinquished his parental rights in writing. The child was never adopted. Berridge contends the possible nonoccurrence of the adoption was within the contemplation of the parties and the court in 1983 and was therefore not a change of circumstance warranting a modification of the 1983 stipulated order. He also contends that because the State participated in the 1983 agreement through counsel it is therefore estopped from seeking to modify the resulting 1983 stipulated order.

Finally, he contends that under the circumstances of this case, the reinstatement of his child support obligation denied him due process and equal protection. Our scope of review is de novo. Affirmed.

Berridge fathered a child born in March 1980 to Catherine Hansen. They were never married. In 1981 Catherine married Richard Evers. Evers expressed the intent to adopt the child, but never did. Evers assumed a father role. The Hansen–Evers marriage dissolved in 1985. The State sought support under Chapter 252A of The Code from the natural father of the child when Catherine Hansen Evers began to receive AFDC benefits in 1983. The State entered into a court-approved agreement whereby Berridge acknowledged paternity and agreed to pay support until such time as he executed a relinquishment of parental rights and a consent to the child's adoption. The stipulated agreement was incorporated by reference in the paternity decree and support order issued by the court. Berridge executed the relinquishment and consent, and ceased support payments. In December 1986 the State filed a petition to modify the above paternity order, asking to reinstate the support obligation on Berridge because it was apparent that Mr. Evers never would adopt the child. The district court concluded that failure of the contemplated adoption was a substantial change of circumstances warranting a modification of the 1983 stipulated order.

■ A substantial change of circumstances not within the contemplation of the trial court and the parties when the original decree was entered enables modification of a 252A decree. *Dep't of Social Services, ex rel. Brecht v. Brecht,* 255 N.W.2d 342, 346 (Iowa 1977).

■ The decree at issue is a 252A court order of support and judgment for reimbursement on a finding of paternity. A stipulation regarding the execution of relinquishment of parental rights and consent to adoption was incorporated in the order by reference. Berridge has a statutory obligation to support this child. "[C]hildren are not responsible for their existence, and are necessarily dependent upon their father for support." *Morrison v. Morrison,* 208 Iowa 1384, 1388, 227 N.W. 330, 332 (1929). A father cannot be relieved from his duty to support a child by agreement of the mother. *State of Iowa, ex rel. Iowa Dep't of Social Services v. Blakeman,* 337 N.W.2d 199, 203 (Iowa 1983). Parental agreements which have the effect of making a child a public charge cannot be countenanced. *Anthony v. Anthony,* 204 N.W.2d 829, 833 (Iowa 1973). A parent cannot seek to terminate parental rights in regard to a child solely to relieve himself or herself of the child support obligation. *In the Interest of D.W.K.,* 365 N.W.2d 32, 35 (Iowa 1985).

■ The agreement was essentially between Berridge and the State. The State was bargaining for recovery of AFDC payments from the natural father and imposition of support liability on someone other than the State, hopefully the acting father, soon to be adoptive parent. In exchange for complying with the State's solicitation of the clear path for adoption, Berridge bargained for release from further support obligation for his biological child. It could be argued that Berridge substantially performed when he signed his consent and release. The agreement did not specify that the agreement was conditioned on the prospective adoptive parent completing the adoption process. We hold that an agreement that fails to provide financial support for a child is void as against the public policy. *See Anthony v. Anthony,* 204 N.W.2d at 834 (waiver of decretory child support in exchange for surrender of visitation rights void as against public policy). When a parent contracts away his statutory duty to support his child, there must be another person who assumes the duty to support the child. Agreements that leave the financial obligation to support the child on the state are void as contrary to public policy.

Berridge does not contest paternity of the child. Paternity was further substantiated by the result of blood tests prior to the 1983 agreement. Iowa Code section 675.1 states in relevant part: "The parents of a child born out of wedlock ... owe the child

child necessary maintenance, education, and support."

The State Department of Social Services has a cause of action through Iowa Code section 675.4 which states in relevant part: "The obligation of the father ... creates also a cause of action ... on behalf of third persons furnishing support ... where paternity has been judicially established ... or where paternity has been acknowledged by the father in writing ..." Paternity was judicially determined in 1983 and Berridge signed a writing admitting paternity.

Iowa Code section 675.5 provides that "[t]he obligation of the father other than that under the law providing for the support of poor relatives is discharged by complying with a judicial decree for support or with the terms of a judicially approved settlement. The legal adoption of a child into another family discharges the obligation for the period subsequent to the adoption."

Berridge complied with the stipulated paternity and support agreement incorporated in the court order of May 26, 1983, to the extent of executing his consent and relinquishment statement. However, it was understood by all parties that this formality was a condition precedent to the adoption of the child. The adoption seemed imminent at the time of the execution. But only the actual adoption could release Berridge from his obligation. Any other interpretation contravenes public policy.

■ The adoption never occurred. Therefore, the relinquishment of parental rights and release for adoption was never finalized by a court of law. Berridge's obligation to support his child continues. Berridge is still the legal father of this child and responsibilities flow from that status.

Berridge may petition the court for visitation rights under Iowa Code § 675.40. However, he cannot deny his support obligation simply by failing to exercise his parental rights.

Berridge's contention that he was deprived of due process and equal protection by judicial reinstatement of the support order is without merit. Berridge argues that he "was adjudicated the natural father by *agreement*, with the understanding he would not act as the father and would not pay as the father." He further contends that the fact that he was the father was never litigated.

Berridge admitted he is the father of the child in stipulation. The trial court decreed that Berridge was the father and incorporated the stipulations into the support order on May 26, 1983. The record includes an affidavit stating that Berridge is the father filed by the doctor who interpreted the results of the blood test given to Berridge to establish paternity. A trial on the issue of paternity culminated in the judgment of paternity and order of support.

■ Berridge had sufficient notice of the impending obligation that attends to fatherhood. He had the opportunity to be heard and was in no way enticed to sacrifice his parental rights in exchange for abatement of his duty to support his child. He was notified of the fact that his child was not adopted and was heard at the instant trial. He is not being substantially deprived of a fundamental right or interest in property by the trial court ruling. The record includes his financial statement as evidence of his ability to support his child. He is simply being held to the obligation to support his child.

AFFIRMED.